# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **VIRTUAL CHART SOLUTIONS I, INC.,**<br><br>   Plaintiff,<br><br>   v.<br><br>**BRIAN LEE MEREDITH, et al.,**<br><br>   Defendants. | **CIVIL ACTION NO.: 4:17-CV-546**<br>**Judge Mazzant** |

## AMENDED SCHEDULING ORDER

The Court, after considering the parties' Joint Motion to Amend Current Scheduling Order (Dkt. #93), finds good cause for entering the Amended Scheduling Order. The Court enters this case-specific order which hereafter controls disposition of this action, pending further order of the Court. The following actions shall be completed by the date indicated.[1]

## DEADLINES

| | |
|---|---|
| June 1, 2018 | Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). |
| June 15, 2018 | Deadline for Plaintiff to file amended pleadings. (A motion for leave to amend is required.) |
| July 27, 2018 | Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b).<br><br>Deadline for Defendant's final amended pleadings. (A motion for leave to amend is required.) |
| 6 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objection shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

| | |
|---|---|
| September 12, 2018 | All discovery shall be commenced in time to be completed by this date. |
| | Finalized privilege log for each party shall be served upon all other parties. |
| September 28, 2018 | Deadline to submit any discovery disputes, including assertions of privilege, to the Court. |
| October 26, 2018 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| January 25, 2019 | Mediation deadline. |
| February 1, 2019 | Notice of intent to offer certified records |
| February 1, 2019 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (See www.txed.uscourts.gov) and Joint Proposed Jury Instructions and Verdict Form. |
| February 8, 2019 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross-examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| February 13, 2019 | Motions in limine due.<br>File Joint Final Pretrial Order. (See www.txed.uscourts.gov). |
| March 1, 2019 | Response to motions in limine due.[2] |

---

[2] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing

|   |   |
|---|---|
|   | File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend the deadline to object to expert witnesses). (Provide the exhibit objected to in the motion or response). If numerous objections are filed the court may set a hearing prior to docket call. |
|   | File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| Date will be set by court. Usually within 10 days of the Final Pretrial Conference. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| March 15, 2019 | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Date parties should be prepared to try case. |
| March 18-29, 2019 | 10:00 a.m. Jury Selection and Trial at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. |

## SCOPE OF DISCOVERY

Modification. Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects. *See* Fed. R. Civ. P. 26(b)(2).

Disclosure. The parties are reminded of the requirement, set out in this court's Initial Order Governing Proceedings, to have already disclosed, without awaiting a discovery request, information in addition to that required by Fed. R. Civ. P. 26, including names of persons likely to have, and documents containing, information "relevant to the claim or defense of any party."

If there are any questions about whether information is "relevant to the claim or defense of any party" review Local Rule CV-26(d). A party that fails to timely disclose any of the

---

counsel shall confer in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.

[3] Within five calendar days after the filing of any objections, opposing counsel shall confer to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

[3]

information required to be disclosed by order of this court or by the Federal Rules of Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.

Electronic Discovery. Electronically stored information will be produced in hard copy form or multi-page TIFF format, unless the parties agree otherwise. The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3), as such disclosure is cumulative of this court's pre-trial order procedures.

## DISCOVERY DISPUTES

In the event the parties encounter a discovery dispute, no motions to compel may be filed until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-7(h). If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

## RESOURCES

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains information about Electronic filing, which is mandatory, Local Rules, telephone numbers, general orders, frequently requested cases, the Eastern District fee schedule, and other information. The electronic filing HelpLine is 1-866-251-7534.

## COMPLIANCE

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. If a fellow member of the Bar makes a just request for

cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent.

However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

## TRIAL

The deadlines for pre-trial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for clearly admissible evidence. Counsel should be familiar with the evidence display system available in the courtroom. Copies of exhibits which will be handed to witnesses should be placed in a three-ring binder, with an additional copy for the court. (To make it easy to direct the witness to the correct exhibit while on the stand, Plaintiff should use a dark colored binder such as black or dark blue. Defendant should use a light-colored binder such as white, red, or light blue.) Alternatively, if exhibits have been scanned and will be presented via a computer projection system, be sure there is a way for the court to view or read them separately so as to be able to understand motions and objections.

Counsel are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing pagers and phones, and not chewing gum, reading newspapers, or eating.

## OTHER MATTERS

1. Please note the amendments to the Local Rules regarding motion practice. If a document filed electronically exceeds ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the undersigned's chambers in Sherman. *See* Local Rule CV-5(a)(9). Courtesy copies over twenty pages long should be bound to the left, and voluminous exhibits should be separated by dividers.

2. If necessary, the parties should notify the court if assistance is needed in selecting a mediator.

3. Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f). The parties are reminded that "[t]he court need **not** wait for the reply or sur-reply before ruling on the motion." Local Rule CV-7(f) (emphasis added).

[5]

**SIGNED this 12th day of April, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

[6]