# EXHIBIT 6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

**VIRTUAL CHART SOLUTIONS I, INC.,**

> *Plaintiff*,

> v.

**BRIAN LEE MEREDITH, ET AL.,**

> *Defendants*.

**CIVIL ACTION NO.: 4:17-cv-546**
**JURY TRIAL DEMANDED**

## PARTIALLY UNOPPOSED MOTION FOR
## ENTRY OF SECOND AMENDED SCHEDULING ORDER

Plaintiff Virtual Chart Solutions I, Inc. ("VCSI" or "Plaintiff") files this Motion for

Entry of Second Amended Scheduling Order. The Second Amended Scheduling Order

addresses the need to modify the expert deadlines to give Plaintiff sufficient time to receive

(or compel, if necessary), MRI Centers of Texas, LLC's ("MCT") code and business

revenues for expert analysis. Currently, trial is set for March 2019—leaving ample time

for the amendments in the schedule without threatening the trial date.

Defendants Brian Lee Meredith, Tracie Dawn Davis, Virtual Chart Network, LLC;

virtualasc.com (d.b.a. myPIcase.com); Virtual Chart Solutions, LLC; Lone Star VCS, LLC

(together the "Meredith Defendants") (represented by Decker Cammack and Clyde

Siebman), and Defendants Surgical Notes, Inc.; Surgical Notes MDP, LP; Surgical Notes

GP, LLC; Surgical Notes RCM, LLC; and (collectively "Surgical Notes Defendants"),

(also represented by Decker Cammack and Clyde Siebman), have agreed and do not oppose

this Motion on behalf of their clients. MRI Centers of Texas, LLC, represented by James

Stanton and Jennifer Richards, has lodged the sole opposition hereto.

This Motion is necessitated by the fact that Defendants' productions of documents critical to two avenues of expert testimony—their code (liability) and their revenues (damages and royalty calculation)—were held up for months pending entry of a protective order which was negotiated starting in March 2018 by the parties. The Court entered the Protective Order in this case on May 16, 2018. Plaintiff's deadline to designate experts in this case was June 1, 2018, just two weeks after the Protective Order was entered. There was no way Plaintiff would be able to meet that deadline, and all parties knew it.

Furthermore, no documents were produced by any of the Defendants in the intervening weeks between the Protective Order being entered and Plaintiff's deadline, nor could a motion to compel be filed and heard in that time even had Plaintiff been aware of the need to do so (i.e., of the impending intransigence of one party) at the time.

Documents have been repeatedly requested without progress, and without even a semblance of a reasonable basis for objecting to their production, or the delay thereof. While the Meredith and Surgical Notes Defendants have produced their documents in the last several weeks, MCT has not produced their source code or their revenues—*even today*. Yet, they have the temerity to oppose moving the schedule, even a little bit, on the false-premise that they would be prejudiced by a brief delay which is of their own manufacture.

Furthermore, in the June 1, 2018 timeframe, lead counsel for Plaintiff, Ron Burns, withdrew from the undersigned law firm and withdrew from the case at a time when the undersigned was preparing for trial in state court in Dallas. This effective change in lead counsel provides an independent basis to afford relief.

For the foregoing reason, good cause exists to enter the Second Amended Scheduling Order.

## II.

## ARGUMENTS AND AUTHORITIES

Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and pretrial discovery though a scheduling order. FED. R. CIV. P. 16(b). Under Rule 16(b)(4) a scheduling order may be modified for good cause and with the judge's consent. *See* FED. R. CIV. P. 16(b) Advisory Committee Note (trial court may modify scheduling order for good cause); *see also Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 422 (S.D. Tex. 2012); *Bettes v. Stonewall Ins. Co.*, 480 F.2d 92, 93-94 (5th Cir. 1973) ("A pre-trial order, while not to be lightly set aside, should be modified if that action is necessary to prevent manifest injustice."). The Fifth Circuit has explained a party seeking relief may, for instance, show that the deadlines could not reasonably have been met despite the diligence of the party needing the extension. *See S&W Enters v. Southtrust Bank of Ala.,* 315 F.3d 533, 535 (5th Cir. 2003).

## A.

## PLAINTIFF COULD NOT HAVE MET THE EXPERT DEADLINES DESPITE ITS OWN REASONABLE DILIGENCE

A modification of the Scheduling Order is justified in this case by the fact that, despite diligent pursuit by Plaintiff, its investigation of the facts was stymied through no fault of its own.

__*First,*__ this is Plaintiff's first request of this nature—it has never before solely sought an opposed Order from this Court extending the discovery deadline in this case. The parties together have previously sought an agreed-upon Amended Scheduling Order which was entered on April 12, 2018.

__*Second,*__ Plaintiff has diligently pursued discovery from Defendants. Plaintiff served document request on MCT on January 5, 2018.[1] On February 16, 2018, Defendant, MCT responded, in part, to Plaintiff's document request by objecting to the requests on the grounds that they sought protected confidential information.[2] The parties negotiated the terms of the protective order from March until May, and the Court entered a Protective Order on May 16, 2018.[3] On June 26, 2018, counsel for the Plaintiff emailed all counsel for the Defendants explaining that a new schedule was needed, circulated the proposed schedule, and explained that "for this schedule to work, we need all documents by July 13, 2018."[4] No response was forthcoming to this email from MCT. It was re-forwarded to MCT counsel on July 13, 2018, again, to no immediate avail.[5]

__*Third,*__ despite having a Protective Order to protect its confidential non-public information, Defendant MCT has NOT produced the documents it withheld from production.[6] To wit, Defendant MCT has not yet turned over relevant discovery materials

---

[1] Decl. of M. Sbaiti ¶ 2 (Exhibit A).

[2] Decl. of M. Sbaiti ¶ 3 (Exhibit. A).

[3] Decl. of M. Sbaiti ¶ 4 (Exhibit A).

[4] Decl. of M. Sbaiti ¶ 5 (Exhibit A and attachments thereto).

[5] Decl. of M. Sbaiti ¶ 7 (Exhibits A and attachments thereto).

[6] Decl. of M. Sbaiti ¶¶ 7-8 (Exhibit A).

relating to at least: MCT's Appointment Request; Referral Portal; Pac Portal; digital acquisition, storage and transmission system; patient chart and file system; and Ram-Soft based systems—all such documents needed by Plaintiff for disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b).[7] Hence, not only was Plaintiff was unable to meet the June 1, 2018 deadline through no fault of its own, it could not meet the deadline despite its own diligence.[8]

It is well established that a party may not take undue advantage of another's requested extension where the request is occasioned by that party's failure to meet its discovery obligations. *See Rooney v. Ezcorp, Inc.*, No. A-15-CA-00608-SS, 2018 U.S. Dist. LEXIS 125421, at *11 (W.D. Tex. 2018) (holding that documents produced three weeks before deadline provided sufficient justification under Rule 16 to amend schedule); *Hudson v. L&W Supply Corp.*, No. H-08-2471, 2009 U.S. Dist. LEXIS 139778, at *14-15 (S.D. Tex. 2009) (holding that evidence produced after scheduling order deadline passed met Rule 16(b)'s good standard to amend the scheduling order for amending pleadings and extending discovery); *United States v. Approximately $7,400 in United States Currency*, 274 F.R.D. 646, 648 (E.D. Wis. 2011) (holding that delay in the production of discoverable materials establishes good cause for extension of deadlines set by the Court's scheduling order).

---

[7] Decl. of M. Sbaiti ¶ 8 (Exhibit A).

[8] Decl. of M. Sbaiti ¶¶ 2-10 (Exhibit A)..

Furthermore, the failure to meet the deadline here constitutes both "good cause" and "excusable neglect." *See* Fed. R. Civ. P. 6(b) and 16(b). A Court should move a deadline where, as here: (1) the danger of prejudice to the nonmovant is not great, (2) the proceedings will not be delayed or adversely impacted, (3) the movant has a reasonable basis for the delay, and (4) the movant acted in good faith. *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391-92 (1993).

As the Fifth Circuit has explained, "*Pioneer's* "excusable neglect" standard "is at bottom an equitable one, taking account of all of the relevant circumstances surrounding the party's omission. These include...the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether movant acted in good faith." As the Court noted, good cause and excusable neglect are not limited to circumstances where a deadline was missed due to circumstances beyond one's control. 507 U.S. at 395.

The discovery that Plaintiff has not been able to obtain certainly will dictate the experts that need to be hired and will influence the opinions of such experts. *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 597 (S.D. Tex. 2011) (finding good cause existed for extending pretrial discovery deadlines where defendants recently discovered information might influence whether defendants needed to hire a particular type of expert).

Thus, Plaintiff has diligently pursued discovery in this case and could not satisfy the deadlines in the scheduling order through no fault of its own. Plaintiff still has not yet been provided with complete discovery that has been requested from Defendant MCT.

MCT will likely contend that Plaintiff was not diligent because Plaintiff did not move to compel the discovery sufficiently ahead of time. This is a shocking position. For one thing, Plaintiff should not have to move to compel documents that MCT was obligated to produce in the first instance. Further, MCT was well aware (as was Plaintiff) that this Court was unlikely to grant a motion to compel, even if it was filed, without a protective order in place (that is, if MCT's confidentiality objections were bona fide).[9] MCT knows fully well that had Plaintiff moved to compel—*even the day after the protective order was entered* (which, why would it without some indication that MCT would refuse to produce documents)—that the Court would have heard the motion in time, much less granted it.[10] There is no plausible way.

Thus, MCT's contention that Plaintiff should have moved to compel earlier rings hollow. And although, perhaps, Plaintiff could have filed the present Motion earlier, it was not aware it would need to, given that all parties were involved in the negotiation of the protective order and aware of the timeline expiring while it was being negotiated. Not to mention, MCT would be in no worse a position than as it is today had this Motion been filed earlier. Nothing would be different.

---

[9] *Id.* at ¶ 11.

[10] *Id.*

## B.

## PLAINTIFF WILL BE SUBSTANTIALLY PREJUDICED WITHOUT AMPLE TIME TO COMPLETE DISCOVERY IN THIS MATTER

While MCT cannot colorably contend—with unclean hands no less—that there is anything *Plaintiff* could have done to meet the deadline or that its efforts were unreasonable given the circumstances, Plaintiff stands to suffer prejudice. Plaintiff needs the extension of the deadlines in order to avoid the palpable prejudice it will suffer if sufficient time is not allowed. Discovery deadlines have passed, and others are fast approaching.

Plaintiff requires discovery from MCT and possibly third-parties that is essential to its case but which it is unlikely to meet under the current deadlines.[11]

Again, Plaintiff has attempted to obtain from Defendant MCT development, design, release, operation, and/or revision of the systems.[12] No such documents have been produced to Plaintiff. If Defendant MCT continues to fail to comply with its obligations to produce documents, Plaintiff will be compelled to file a motion to compel.[13]

The following is just a sample of the information and material that Plaintiff needs which has not yet been provided by Defendant MCT:

- Request for Production No. 30: All Documents concerning the development, design, release, operation, or revision of MCT's "Appointment Request" website feature—for the period of time from January 1, 2011 to the present;

- Request for Production No. 31: All Documents concerning the development, design, release, operation, or revision of MCT's "Referral Portal" website feature— for the period of time from January 1, 2011 to the present;

---

[11] *Id.* at ¶¶ 8-9.

[12] *Id.*

[13] *Id., and at* ¶ 11.

- Request for Production No. 32:  All Documents concerning the development, design, release, operation, or revision of MCT's "Pac Portal" website feature—for the period of time from January 1, 2011 to the present;

- Request for Production No. 33:  All Documents concerning the development, design, release, operation, or revision of your digital image acquisition, storage and transmission systems—for the period of time from January 1, 2011 to the present;

- Request for Production No. 34:  All Documents concerning the development, design, release, operation, or revision of your patient chart or file systems—for the period of time from January 1, 2011 to the present;

- Request for Production No. 35:  All Documents concerning the development, design, release, operation, revision of your RamSoft-based systems---for the period of time from January 1, 2011 to the present.[14]

These documents are necessary for expert analysis of the allegations that the software violates Plaintiff's copyrights and of Plaintiff's damages under the law. Without them, and through no fault of Plaintiff, Plaintiff could not have met the deadline. Plaintiff reasonably believes that the additional time proposed in the proposed Second Amended Scheduling Order will be adequate to complete discovery and prepare for trial.[15]

## C.

## SUBSTITION OF COUNSEL PROVIDES INDEPENDENT JUSTIFICATION

Ron Burns was working on this matter as lead counsel from the onset of this litigation on behalf of Plaintiff. Mr. Burns abruptly left Sbaiti & Company PLLC in early June, 2018.[16] Given the complexity of the case, new lead counsel needed time to become

---

[14] Decl. of M. Sbaiti ¶ 8 (Exhibit A).

[15] Proposed Amended Scheduling Order (Exhibit B).

[16] Decl. of M. Sbaiti ¶ 8 (Exhibit A)..

familiar with the factual and legal issues involved in order to satisfy numerous pretrial deadlines and to adequately prepare for trial.[17]

Therefore, one cannot say that the time lead counsel spent to get up to speed was unreasonable or delayed unreasonably—especially where the new schedule was circulated in *June* and it took weeks before a definitive "no" was provided. *Accord Rooney*, 2018 U.S. Dist. LEXIS 125421, at *11-12 (delay of counsel excused where counsel was diligent in working through the discovery issues, justifying amendment).

## D.

## NO PREJUDICE WILL INURE TO MCT

Although Defendant MCT may object, they are unable to demonstrate any prejudice that will result from such a short continuance in the proceedings—especially where it does not require the trial to be moved. Notably, ALL DEFENDANTS but one have agreed to the Second Amended Scheduling Order. How can it be that all other Defendants will not be prejudiced but one—the one who has not completed their discovery obligations?

While Defendant MCT may contend that the delay itself is prejudicial, they have had notice of it for some time, and they are the cause of it. Furthermore, the delay is *de minimis*.

Given that Defendant MCT has not produced significant portions of documents and are required to do so, it appears Defendant MCT stands to benefit just as much as Plaintiff from the Second Amended Scheduling Order.

---

[17] Decl. of M. Sbaiti ¶ 5 (Exhibit A).

## III.

## CONCLUSION

No continuance of the trial date has been requested in this case, and this Motion is not made solely for the purpose of delay or inconvenience, but so that justice may be done. For the reasons stated, Plaintiff will be greatly prejudiced if an Amended Scheduling Order is not issued to permit the necessary time to conduct discovery and for new counsel to familiarize himself with the law and facts involved in this case. All the Defendants but one have agreed to this schedule—therefore, any claim of prejudice by the only opponent is flimsy as best and disingenuous at worst.

Dated: July 29, 2018

Respectfully submitted,

**SBAITI & COMPANY PLLC**

/s/ *Mazin A. Sbaiti*
Mazin A. Sbaiti
TX Bar No. 24058096
Daniel F. Perez
TX Bar No. 15776380
1201 Elm Street - Suite 4010
Dallas, Texas 75270
T: (214) 432-2899
F: (214) 853-4367
MAS@Sbaitilaw.com
dan@pereziplaw.com

***Counsel for Plaintiff***

## CERTIFICATE OF CONFERENCE

I, the undersigned, certify that Decker Cammack, Counsel for Defendants Brian Lee Meredith and Surgical Notes et al, and Counsel for Plaintiff have conducted a conference on the proposed Second Amended Scheduling Order.  Mr. Cammack and Mr. Seibman do not oppose this Motion. In contrast, Counsel for Defendant MCT and Counsel of Plaintiff personally conducted a conference at which there was a substantive discussion of the items presented to the Court in this Motion, and despite best efforts, the counsel have not been able to resolve those matters presented.

Certified to the 29th day of July, 2018.

/s/ *Mazin A. Sbaiti*
Mazin A. Sbaiti

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Fed. R. Civ. P. and the Court's ECF on all counsel of record on July 29, 2018.

/s/*Mazin A. Sbaiti*
Mazin A. Sbaiti

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**VIRTUAL CHART SOLUTIONS I, INC.,**

 *Plaintiff,*

  **v.**

**BRIAN LEE MEREDITH, ET AL.,**

 *Defendants.*

**CIVIL ACTION NO.: 4:17-cv-546**

**JURY TRIAL DEMANDED**

## DECLARATION OF MAZIN A. SBAITI, ESQ.

I, the undersigned, make this Declaration to the best of my personal knowledge, and do so under penalty of perjury.

1. I am currently lead counsel for the Plaintiff in the above-styled lawsuit. From the start of this lawsuit until June 11, 2018, the lead counsel role was served by Ron Burns, a lawyer in our law firm. I was informed of his departure on or about June 1, 2018, and that same would be effective June 11, 2018.

2. According to our records, Plaintiff served discovery on MCT on January 5, 2018.

3. Plaintiff was served objections to discovery on February 16, 2018, which largely consisted of claims of confidentiality and the need for a protective order.

4. Drafts of the protective order were circulated and negotiated between the parties from March until early May, and the Court entered the Protective Order in this case on May 16, 2018.

---

Declaration of Mazin A. Sbaiti              Page 1

5.      It took some time for our firm to catch up to where Mr. Burns was on his matters, and on June 26, 2018, Kevin Colquitt of our firm circulated a proposed Amended Scheduling Order, noting that for the schedule to work, we would need documents by July 13, 2018. A true and correct copy of this email is attached hereto as Exhibit A-1. We have not received any response to our email.

6.      Defendants Meredith and Surgical Notes produced much of their documents and made their source code available for inspection but MCT did not and still has not.

7.      On July 13, 2018, we recirculated the proposed Amended Scheduling Order and the June 26, 2018 email to MCT's counsel, and again no response was received. A true and correct copy of this email is attached hereto as Exhibit A-2. At this time, they had not produced the documents they had been withholding.

8.      To this day, we do not have several categories of documents necessary for our experts to opine on liability and damages. For example, we are missing the following documents responsive to these requests:

- Request for Production No. 30:  All Documents concerning the development, design, release, operation, or revision of MCT's "Appointment Request" website feature—for the period of time from January 1, 2011 to the present;

- Request for Production No. 31:  All Documents concerning the development, design, release, operation, or revision of MCT's "Referral Portal" website feature—for the period of time from January 1, 2011 to the present;

- Request for Production No. 32:  All Documents concerning the development, design, release, operation, or revision of MCT's "Pac Portal" website feature—for the period of time from January 1, 2011 to the present;

- Request for Production No. 33:  All Documents concerning the development, design, release, operation, or revision of your digital image acquisition,

storage and transmission systems—for the period of time from January 1, 2011 to the present;

- **Request for Production No. 34:** All Documents concerning the development, design, release, operation, or revision of your patient chart or file systems—for the period of time from January 1, 2011 to the present;

- **Request for Production No. 35:** All Documents concerning the development, design, release, operation, revision of your RamSoft-based systems---for the period of time from January 1, 2011 to the present;

These documents are necessary for us to comply with our duties under the Rules and to designate experts.

9. For obvious reasons, we would be severely prejudiced if the Court were not to allow Plaintiff to prepare and submit expert testimony. It would be tantamount to a death penalty sanction.

10. We see no prejudice that would inure to MCT by the brief postponement in the schedule. The Second Amended Scheduling Order sets forth that expert discovery will be completed by November 16, 2018, *four months* before trial. Furthermore, all Defendants but one have agreed to it.

11. I do not see how we could have complied with the deadline under any circumstance. The Court does not typically compel documents overruling confidentiality or trade secret objections, such as those interposed by MCT. Moreover, the Court entered the Protective Order on May 16, 2018, two weeks before our expert deadline. None of us had any idea that MCT would choose not to produce its documents despite there being a protective order in place. This is especially so given that MCT had produced other documents to us seemingly evincing a willingness to produce in good faith and in a timely

manner. Even if we did have notice on May 16, 2018 that a motion to compel was necessary, and we had filed a motion to compel on May 17, 2018, we would not have obtained a ruling (in all likelihood) prior to the expiration of the deadline. Therefore, there was no practicable way for us to comply with the Court's deadline at that time.

I declare that the foregoing is true and correct to the best of my personal knowledge under penalty of perjury.

Dated:  July 29, 2018                                    */s/ Mazin A. Sbaiti*
                                                          Mazin A. Sbaiti

---

Declaration of Mazin A. Sbaiti                                             Page 4

Case 4:17-cv-00546-ALM-CMC   Document 136-6   Filed 12/13/18   Page 19 of 29 PageID #:
1560
Case 4:17-cv-00546-ALM   Document 120-1   Filed 07/29/18   Page 1 of 3 PageID #:1208

EXHIBIT A-1

## Kevin Colquitt

**From:**     Kevin Colquitt
**Sent:**     Friday, July 13, 2018 10:34 AM
**To:**     'Brandon Fuqua'
**Cc:**     'dan@pereziplaw.com'
**Subject:**     FW: EDTX 4:17-cv-546 Discovery and Scheduling Deadlines
**Attachments:**     Proposed Amended Scheduling Order.docx

Brandon,

Attached is the proposed amended scheduling order.

Kevin

**From:** Kevin Colquitt
**Sent:** Tuesday, June 26, 2018 1:18 PM
**To:** 'Brandon Fuqua' <bfuqua@stantonllp.com>; Jennifer Richards <jrichards@stantonllp.com>; Decker A. Cammack <DCammack@whitakerchalk.com>; James M. Stanton <jms@stantonllp.com>; elizabethforrest@siebman.com; clydesiebman@siebman.com; Rebecca Eaton <reaton@whitakerchalk.com>; Carson Davenport <cld@stantonllp.com>
**Cc:** Mazin Sbaiti <MAS@sbaitilaw.com>; Kim James <KRJ@sbaitilaw.com>
**Subject:** EDTX 4:17-cv-546 Discovery and Scheduling Deadlines

Counsel,

It's my understanding that the production of documents was held up pending the entry of a protective order. That order was entered a while ago, and we still do not have the documents we need to produce our expert reports. So we need to get a plan in place to get the documents produced and the scheduling order modified. I think we can pull this off without moving the trial date, but it will be tight.

I've attached a proposed scheduling order that modifies the dates. But in order to make this schedule work, we will need to get the responsive documents by July 13.

Please review the proposal and let me know if it works for you. Also please let me know if the July 13 deadline works for document production. If we can't get this worked out in the next couple of days, I suggest that we contact the Judge's chambers and schedule a teleconference per the local rules.

Sincerely,

Kevin

 **SBAITI & COMPANY PLLC**
KEVIN N. COLQUITT, ESQ.
Renaissance Tower
1201 Elm Street, Suite 4010
Dallas, Texas 75270

1

O: (214) 432-2899
F: (214) 853-4367
E: KNC@SbaitiLaw.com
W: https://www.SbaitiLaw.com/

Case 4:17-cv-00546-ALM   Document 120-3   Filed 07/29/18   Page 1 of 2 PageID #: 1211

# EXHIBIT A-2

## Kevin Colquitt

| | |
|---|---|
| **From:** | Kevin Colquitt |
| **Sent:** | Tuesday, June 26, 2018 1:18 PM |
| **To:** | 'Brandon Fuqua'; Jennifer Richards; Decker A. Cammack; James M. Stanton; elizabethforrest@siebman.com; clydesiebman@siebman.com; Rebecca Eaton; Carson Davenport |
| **Cc:** | Mazin Sbaiti; Kim James |
| **Subject:** | EDTX 4:17-cv-546 Discovery and Scheduling Deadlines |
| **Attachments:** | Proposed Amended Scheduling Order.docx |

Counsel,

It's my understanding that the production of documents was held up pending the entry of a protective order. That order was entered a while ago, and we still do not have the documents we need to produce our expert reports. So we need to get a plan in place to get the documents produced and the scheduling order modified. I think we can pull this off without moving the trial date, but it will be tight.

I've attached a proposed scheduling order that modifies the dates. But in order to make this schedule work, we will need to get the responsive documents by July 13.

Please review the proposal and let me know if it works for you. Also please let me know if the July 13 deadline works for document production. If we can't get this worked out in the next couple of days, I suggest that we contact the Judge's chambers and schedule a teleconference per the local rules.

Sincerely,

Kevin

 **SBAITI & COMPANY PLLC**
KEVIN N. COLQUITT, ESQ.
Renaissance Tower
1201 Elm Street, Suite 4010
Dallas, Texas 75270
O: (214) 432-2899
F: (214) 853-4367
E: KNC@SbaitiLaw.com
W: https://www.SbaitiLaw.com/

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **VIRTUAL CHART SOLUTIONS I, INC.,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO.: 4:17-CV-546** |
| | **Judge Mazzant** |
| **BRIAN LEE MEREDITH, et al.,** | |
| **Defendants.** | |

## <u>SECOND AMENDED SCHEDULING ORDER</u>

The Court, after considering Plaintiff's Partially Unopposed Motion to Amend Current Scheduling Order, finds good cause for entering the Amended Scheduling Order. The Court enters this case-specific order which hereafter controls disposition of this action, pending further order of the Court. The following actions shall be completed by the date indicated.[1]

### DEADLINES

| | |
|---|---|
| September 7, 2018 | Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). |
| September 14, 2018 | Deadline for Plaintiff to file amended pleadings. (A motion for leave to amend is required.) |
| October 12, 2018 | Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). |
| | Deadline for Defendant's final amended pleadings. (A motion for leave to amend is required.) |
| 6 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objection shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

| October 26, 2018 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| November 16, 2018 | All discovery shall be commenced in time to be completed by this date. |
| | Finalized privilege log for each party shall be served upon all other parties. |
| November 30, 2018 | Deadline to submit any discovery disputes, including assertions of privilege, to the Court. |
| January 25, 2019 | Mediation deadline. |
| February 1, 2019 | Notice of intent to offer certified records |
| February 1, 2019 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (See www.txed.uscourts.gov) and Joint Proposed Jury Instructions and Verdict Form. |
| February 8, 2019 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross-examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| February 13, 2019 | Motions in limine due. File Joint Final Pretrial Order. (See www.txed.uscourts.gov). |
| March 1, 2019 | Response to motions in limine due.[2] |

---

[2] This is not an invitation or requirement to file written responses. Most motions in limine can be decided without a written response. But, if there is particularly difficult or novel issue, the Court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing

File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend the deadline to object to expert witnesses). (Provide the exhibit objected to in the motion or response). If numerous objections are filed the court may set a hearing prior to docket call.

File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law).

| | |
|---|---|
| Date will be set by court. Usually within 10 days of the Final Pretrial Conference. | If numerous objections are filed the court may set a hearing to consider all pending motions and objections. |
| March 15, 2019 | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Date parties should be prepared to try case. |
| March 18-29, 2019 | 10:00 a.m. Jury Selection and Trial at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. |

## SCOPE OF DISCOVERY

_Modification._ Taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues, the Court modifies the parameters of discovery in the following respects. _See_ Fed. R. Civ. P. 26(b)(2).

_Disclosure._ The parties are reminded of the requirement, set out in this court's Initial Order Governing Proceedings, to have already disclosed, without awaiting a discovery request, information in addition to that required by Fed. R. Civ. P. 26, including names of persons likely to have, and documents containing, information "relevant to the claim or defense of any party."

If there are any questions about whether information is "relevant to the claim or defense of any party" review Local Rule CV-26(d). A party that fails to timely disclose any of the

---

counsel shall confer in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.

[3] Within five calendar days after the filing of any objections, opposing counsel shall confer to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.

information required to be disclosed by order of this court or by the Federal Rules of Procedure, will not, unless such failure is harmless, be permitted to use such evidence at trial, hearing or in support of a motion.

       <u>Electronic Discovery</u>. Electronically stored information will be produced in hard copy form or multi-page TIFF format, unless the parties agree otherwise. The parties are excused from the pretrial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(3), as such disclosure is cumulative of this court's pre-trial order procedures.

## DISCOVERY DISPUTES

       In the event the parties encounter a discovery dispute, no motions to compel may be filed until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-7(h). If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

       A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

## RESOURCES

       The Eastern District of Texas website (http://www.txed.uscourts.gov) contains information about Electronic filing, which is mandatory, Local Rules, telephone numbers, general orders, frequently requested cases, the Eastern District fee schedule, and other information. The electronic filing HelpLine is 1-866-251-7534.

## COMPLIANCE

       A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

       Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. If a fellow member of the Bar makes a just request for

cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent.

However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

## TRIAL

The deadlines for pre-trial matters, such as exchanging exhibits, and objections, are intended to reduce the need for trial objections, side-bar conferences, and repetitive presentation of evidentiary predicates for clearly admissible evidence. Counsel should be familiar with the evidence display system available in the courtroom. Copies of exhibits which will be handed to witnesses should be placed in a three-ring binder, with an additional copy for the court. (To make it easy to direct the witness to the correct exhibit while on the stand, Plaintiff should use a dark colored binder such as black or dark blue. Defendant should use a light-colored binder such as white, red, or light blue.) Alternatively, if exhibits have been scanned and will be presented via a computer projection system, be sure there is a way for the court to view or read them separately so as to be able to understand motions and objections.

Counsel are responsible for informing their clients and witnesses about courtroom dress requirements and protocol, such as silencing pagers and phones, and not chewing gum, reading newspapers, or eating.

## OTHER MATTERS

1.  Please note the amendments to the Local Rules regarding motion practice. If a document filed electronically exceeds ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the undersigned's chambers in Sherman. *See* Local Rule CV-5(a)(9). Courtesy copies over twenty pages long should be bound to the left, and voluminous exhibits should be separated by dividers.

2.  If necessary, the parties should notify the court if assistance is needed in selecting a mediator.

3.  Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f). The parties are reminded that "[t]he court need **not** wait for the reply or sur- reply before ruling on the motion." Local Rule CV-7(f) (emphasis added).

**SIGNED this ___ day of _____, 2018.**