# EXHIBIT 9

United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VIRTUAL CHART SOLUTIONS 1, INC. | § | |
| | § | |
| V. | § | CASE NO. 4:17cv546 |
| | § | Judge Mazzant/Magistrate Judge Craven |
| BRIAN LEE MEREDITH, ET AL. | § | |

**ORDER**

Pending before the Court is Plaintiff's Emergency Motion for Reconsideration or Review of Magistrate's Order or Request, in the Alternative, for Continuance of Trial (Dkt. # 129). After reviewing the relevant briefing, the Court is of the opinion Plaintiff's motion should be **DENIED**. Plaintiff's request for a hearing is denied.

**BACKGROUND**

Virtual Chart Solutions I, Inc. ("Plaintiff" or "VCSI") alleges copyright infringement, inducement to infringe copyright, contributory copyright infringement, vicarious copyright infringement, breach of fiduciary duty, breach of contract, misappropriation of trade secrets, unfair competition, and accounting against the following defendants: (1) Brian Lee Meredith; Tracie Dawn Davis; Virtual Chart Network, LLC; virtualasc.com (d.b.a. myPIcase.com); Virtual Chart Solutions, LLC; and Lone Star VCS, LLC (together, the "Meredith Defendants"); (2) Surgical Notes, Inc.; Surgical Notes MDP, LP; Surgical Notes GP, LLC; and Surgical Notes RCM, LLC (together, the "Surgical Notes Defendants"); and (3) MRI Centers of Texas, LLC ("MCT") (collectively "Defendants").

ORDER – Page 1

In the original January 9, 2018 Scheduling Order, Plaintiff's deadline to disclose expert testimony pursuant to FED. R. CIV. P. 26(a)(2) and Local Rule CV-26(b) was March 19, 2018. *See* Dkt. # 67. The jury selection and trial were scheduled March 18-29, 2019. On April 12, 2018, the Court granted the parties' Joint Motion for Entry of Amended Scheduling Order and issued the current Amended Scheduling Order. Dkt. # 96. Among other things, the Amended Scheduling Order extended Plaintiff's expert testimony disclosure deadline from March 19 to June 1, 2018; extended the June 25 discovery deadline to September 12, 2018; and added a September 28, 2018 deadline to submit any discovery disputes to the Court. The October 26, 2018 dispositive motion deadline remained unchanged, as did the pretrial and trial deadlines.

Plaintiff's expert testimony disclosure deadline expired on June 1, 2018, without Plaintiff having filed any expert disclosures or any motion seeking an extension of time in which to do so. Almost two months later, on July 29, 2018, Plaintiff filed a motion for entry of its proposed Second Amended Scheduling Order. The proposed Second Amended Scheduling Order would extend the following deadlines contained in the Amended Scheduling Order: (1) the June 1 deadline for Plaintiff's disclosure of expert testimony to September 7, 2018 (or alternatively, to fourteen days after MCT produces responsive documents); (2) the June 15 deadline for Plaintiff to file amended pleadings to September 14, 2018; (3) the July 27 deadline for Defendants' disclosure of expert testimony and for Defendants' final amended pleadings to October 12, 2018 (or alternatively, to 35 days from Plaintiff's disclosure of expert testimony); (4) the September 12 discovery deadline to November 16, 2018; and (5) the September 28 deadline to submit any discovery disputes, including assertions of privilege, to the Court to November 30, 2018. The proposed Second Amended Scheduling Order submitted by Plaintiff did not seek to extend the October 26, 2018 dispositive motion deadline or any pretrial or trial deadlines.

ORDER – Page 2

Plaintiff asserted its motion was necessitated by the following: (1) MCT delayed its production of source code and revenue documents (which are critical for expert analysis) for months pending the entry of a protective order and only offered to produce them in August (following the filing of Plaintiff's motion); (2) Plaintiff did not receive the Meredith and Surgical Notes Defendants' code and revenue documents until after the June 1 expert disclosure deadline had passed; and (3) Plaintiff's lead counsel withdrew suddenly in June, requiring new lead counsel to become familiar with the factual and legal issues involved in this case.

The Meredith and Surgical Notes Defendants did not oppose Plaintiff's motion. However, MCT filed a response in opposition to the motion, asserting Plaintiff failed to show good cause for extending its expert testimony disclosure deadline or for modifying the other deadlines in the Amended Scheduling Order.

## **NOVEMBER 2, 2018 ORDER**

On November 2, 2018, the Magistrate Judge issued a 16-page Order denying Plaintiff's partially unopposed motion for entry of Plaintiff's proposed Second Amended Scheduling Order. Dkt. # 128. The Magistrate Judge applied the four-factor test for determining whether good cause exists to allow a deviation from the Court's scheduling order. The Magistrate Judge found good cause to modify the discovery and submission of discovery disputes deadlines contained in the April 12, 2018 Amended Scheduling Order to November 16 and 30, 2018, respectively, as requested by Plaintiff in its motion. However, she did not find good cause to justify extending the June 1 deadline for Plaintiff to disclose expert testimony (and by extension the deadlines for Defendants' disclosure of expert testimony and for the parties to object to any other party's expert witnesses). Therefore, with the exception of the discovery and submission of discovery disputes deadlines, all other deadlines contained in the Amended Scheduling Order remain.

ORDER – Page 3

Regarding Plaintiff's explanations for its failure to timely disclose expert testimony and for failing to timely raise the issue with the Court, the Magistrate Judge was "unpersuaded the defendants' delay in producing code and revenue documents sufficiently explains why Plaintiff completely missed the June 1 deadline to disclose expert testimony, especially considering Plaintiff fails to show it made any efforts to compel Defendants to produce the documents Plaintiff now claims are critical to its decision of which experts it would need to hire." Dkt. # 128 at 7-8 (citing *Carmona v. Carmona*, No. CIV.A. H-06-0228, 2006 WL 3839851, at *2 (S.D. Tex. Dec. 8, 2006) ("Plaintiff was aware of his own claim for damages well before his deadline for designating experts elapsed, yet he failed to act. Similarly, Plaintiff knew that Defendants would not provide certain confidential documents without a protective order, but did not seek such an order in a timely fashion or move to compel production.")). The Magistrate Judge stated even after filing its current motion on July 29, Plaintiff still did not file a motion to compel, even though the September 12 discovery deadline was fast-approaching. She further stated Plaintiff failed to explain why, with reasonable diligence, it could not have filed a motion to compel any critical documents it was lacking which were necessary to meet the expert testimony disclosure deadline.[2] Dkt. # 128 at 8.

According to the Magistrate Judge, not only did Plaintiff fail to show it could not have met the June 1 deadline to disclose expert testimony despite its diligence, it also failed to adequately explain its delay in filing its motion. Dkt. # 128 at 9. As noted above, Plaintiff's motion for entry of the proposed Second Amended Scheduling Order was not filed until almost two months following the expiration of Plaintiff's June 1 expert testimony disclosure deadline. According to Plaintiff, "although, perhaps, [it] could have filed the present Motion earlier, it was not aware it

---

[2] No discovery motions have been filed in this case to date. *See* Dkt. # 128 at 8 & 12, n. 10.

ORDER – Page 4

Case 4:17-cv-00546-ALM-CMC Document 136-9 Filed 12/13/18 Page 6 of 15 PageID #: 1633
Case 4:17-cv-00546-ALM-CMC Document 134 Filed 12/05/18 Page 5 of 14 PageID #: 1568

would need to, given that all parties were involved in the negotiation of the protective order and aware of the timeline expiring while it was being negotiated." *Id*. (citing Dkt. # 120 at 7). As pointed out by the Magistrate Judge, at the time the Court entered the protective order agreed upon by the parties on May 16, 2018, there were still two weeks remaining before the June 1 deadline for Plaintiff's expert testimony disclosures. The Magistrate Judge stated Plaintiff had known about the June 1 deadline since at least April 12, 2018 and should have taken reasonable steps to meet the deadline or to move for its extension.[3] Dkt. # 128 at 9.

The Magistrate Judge also rejected Plaintiff's third explanation, namely lead counsel's withdrawal in June. *Id*. The Magistrate Judge noted Plaintiff had already missed the expert testimony disclosure deadline before changing lead counsel. She also noted "Plaintiff's new lead counsel has been involved in this case from the beginning, and Plaintiff's motion for the withdrawal of former lead counsel (and the re-designation of new lead counsel) explicitly stated the withdrawal, if granted, would not prejudice any party or the Court and would not impede or delay this case in any way." *Id*. at 9-10 (citing Dkt. # 108, ¶ 4). For all these reasons, the Magistrate Judge found the first factor weighed against modifying the June 1 deadline for Plaintiff to disclose expert testimony (and by extension the deadlines for Defendants' disclosure of expert testimony and for the parties to object to any other party's expert witnesses). Dkt. # 128 at 10. However, considering the discovery and submission of discovery disputes deadlines had not yet expired at the time Plaintiff's motion was filed, the Magistrate Judge found Plaintiff's arguments weighed slightly in favor of modifying the discovery deadlines. *Id*.

---

[3] According to the Magistrate Judge, even after the deadline passed and Plaintiff acknowledged it had failed to disclose its expert testimony, Plaintiff waited three more weeks to circulate a proposed scheduling order with new dates. Dkt. # 128 at 9.

ORDER – Page 5

Regarding the second factor, the importance of the modifications, the Magistrate Judge stated she could not assess the significance of expert testimony because Plaintiff had "not provided any information (name, subject matter, etc.) much less a report." *Id.* at 12. Even assuming the importance of the modification of the deadline for Plaintiff to disclose expert testimony, the Magistrate Judge noted she would still find the importance does not outweigh the prejudice to MCT. Turning to the importance of the requested modification of the discovery deadlines, the Magistrate Judge noted it was unclear what non-expert discovery, if any, remained to be completed. *Id*. Considering this, and further considering there was little potential prejudice to MCT if the discovery deadlines were extended to the dates requested by Plaintiff, the Magistrate Judge found this factor weighed in favor of modifying the discovery deadlines.

Regarding the third factor, the Magistrate Judge found there was substantial potential prejudice to MCT by Plaintiff's compete failure to disclose expert testimony as required by Rule 26, noting the pretrial conference was just over four months away. *Id*. at 12-13. The Magistrate Judge further noted there had been no indication Plaintiff had ever disclosed to MCT the identity of any experts, the subject matter of their anticipated testimony, or any other information. *Id*. at 13. In light of the time, effort, and expense that might be incurred by MCT if the expert testimony disclosure deadlines were extended, the Magistrate Judge held the third factor weighed against modifying those deadlines.

However, regarding the now-expired discovery and submission of discovery disputes deadlines, the Magistrate Judge stated there was little possibility MCT would be prejudiced if the Court were to extend both deadlines to November 16 and 30 as requested. Again noting the Court had insufficient information from the parties as to the current state of discovery, the Magistrate Judge found the third factor weighed in favor of modifying the discovery deadlines. *Id.*

ORDER – Page 6

The Magistrate Judge also found the fourth factor, availability of a continuance to cure any prejudice, weighed against allowing modification of the expert testimony disclosure deadlines. Relying on this Court's decision in *Avneri v. Hartford Fire Insurance Company*, No. 4:16-cv-917, 2017 WL 4517955 (E.D. Tex. Oct. 10, 2017),[4] the Magistrate Judge stated Plaintiff failed to make any designation within the Amended Scheduling Order. *Id.* at 14-15. Considering trial in the above case is currently scheduled for March 2019, and further considering no one had even sought a continuance of the trial date, the Magistrate Judge found this factor weighed against allowing modification of the expert testimony disclosure deadlines. *Id*. at 15. Noting there was little potential prejudice to MCT if the discovery deadlines were modified, the Magistrate Judge did not address this last factor with regard to the discovery deadlines. *Id.*

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to FED. R. CIV. P. 72(a) and Local Rule CV-72(b), Plaintiff seeks reconsideration or review of the November 2 Order by the undersigned. Dkt. # 129. Plaintiff asks the Court to set

---

[4] In *Avneri*, the plaintiff sought leave to designate an additional expert witness, Becker, who had inspected the property at issue almost two months after the plaintiff's April 5, 2017 deadline for identifying witnesses. 2017 WL 4517955, at *1. The plaintiff filed its motion for leave to amend its designation to include Becker on June 5, 2017, explaining in the motion that Becker's report would "be supplemented as soon as it is completed and provided to [Avneri]." *Id*. The plaintiff "included in its motion for leave an amended expert designation, which included a description of Becker's proposed testimony, resume, previous cases, and compensation schedule" and later filed a notice of Becker's supplemental witness designation. *Id.* In this supplemental designation, the plaintiff represented that he produced Becker's report.
  On October 10, 2017, the Court denied the plaintiff's motion for leave to amend, noting the discovery deadline had expired and trial was scheduled for the January-February 2018 trial window. *Id*. at * 5. Noting the plaintiff designated Becker two months after the deadline for expert witness designation and produced Becker's report after the dispositive motion deadline and less than one month before the close of discovery, the Court refused to allow such an untimely designation. *Id.*

the following deadlines, which would allow for the completion of discovery without moving the trial or prejudicing any party:

> November 30, 2018: Close of Discovery
>
> November 30, 2018: Deadline for Claim Proponents to Designate Experts
>
> November 30, 2018: Deadline for parties to file motions to compel documents and other outstanding discovery
>
> December 24, 2018: Deadline for Claim Defendants to Designate Experts
>
> January 20, 2019: Deadline for Parties to file *Daubert*/Rule 702 Motions

*Id*. at 7. In the alternative, Plaintiff requests the Court continue the March 2019 trial setting (and the pretrial deadlines) and order the parties to submit a "new, albeit compressed, schedule for completing discovery and getting this case to trial on the merits as expeditiously as possible." *Id.*

Specifically, Plaintiff argues the November 2 Order is "essentially a death penalty sanction on Plaintiff's claims, at the very least, for copyright infringement." *Id*. at 1. According to Plaintiff, the Magistrate Judge "did not credit the fact that Plaintiff (i) could not compel production of the code from MCT absent a protective order which was not entered until May 16, 2018 (the delay on that is likewise MCT's fault), and (ii) could not compel thereafter because Plaintiff was not aware that MCT was going to refuse to produce the documents until some time thereafter, and even had Plaintiff moved to compel on May 17, it would not have been decided prior to June 1." *Id.*

Plaintiff argues the Magistrate Judge's conclusion that Plaintiff was not diligent "is unfair given the evidence that Plaintiff had worked consistently and as diligently as possible without running afoul of this Court's vigorous conference requirements in Rule CV-7(h)." *Id*. According to Plaintiff, the evidence attached to its motion indicates "MCT engaged in lengthy meet-and-confer – over thirty different times—with Plaintiff throughout June, July, August, and September;" Plaintiff sent MCT a draft of a motion to compel Plaintiff intended to file prior to the September

ORDER – Page 8

12, 2018 discovery deadline, "but MCT re-engaged in negotiations to avoid it;" and "MCT's playing up the Local Rules' meet-and-confer requirements put Plaintiff in a box, and now the Court's Order is rewarding MCT [sic] for doing so." *Id*. at 4   Noting the Magistrate Judge further suggested that relief was not forthcoming because Plaintiff did not move for a continuance of the pretrial deadlines or the March 2019 trial date, Plaintiff alternatively moves for a short continuance (sixty days at most). *Id*. at 6.

## APPLICABLE LAW

Plaintiff's motion for reconsideration or review of the Magistrate Judge's November 2 Order is governed by Rule 72(a), which provides, in pertinent part, that "[t]he district judge. . . must . . . modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). "When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review-*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2015 WL 4486756, at *6 (N.D. Tex. July 23, 2015).

## DISCUSSION

Federal Rule of Civil Procedure 16(b)(4) provides that deadlines in a schedule "may be modified only for good cause and with the judge's consent." *Grant v. City of Hous.*, 625 Fed. Appx. 670, 679 (5th Cir. 2015). "To establish good cause, the party seeking to modify the scheduling order must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.*; *see also S & W Enters., L.L.C. v. S. Tr. Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003). In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers the following four factors: (1) the movant's explanation for the

ORDER – Page 9

failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice to the respondent in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice. *Grant*, 625 Fed. Appx. at 679; *see also Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). "The 'good cause' standard focuses on the diligence of the party seeking modification of the scheduling order." *EEOC v. Serv. Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *2 (N.D. Tex. Oct. 13, 2009) (quoting *Forge v. City of Dall.*, No. 3-03-CV-0256-D, 2004 WL 1243151, at *2 (N.D. Tex. June 4, 2004)).

Regarding the first factor, the Court considers Plaintiff's explanation for its failure to meet the deadlines, as well as its diligence in filing its motion. Plaintiff asserts the Magistrate Judge was incorrect in finding it was not diligent. The Magistrate Judge found Plaintiff's explanations were weak and did not sufficiently demonstrate Plaintiff could not have met the expert testimony disclosure deadline despite its own reasonable diligence. Additionally, the Magistrate Judge found Plaintiff was not diligent in moving to continue that deadline. Among other things, the Magistrate Judge was unpersuaded the defendants' alleged delay in producing source code and revenue documents sufficiently explained why Plaintiff completely missed the June 1 deadline, "especially considering Plaintiff fail[ed] to show it made any efforts to compel Defendants to produce the documents Plaintiff now claims are critical to its decision of which experts it would need to hire." Dkt. # 128 at 7-8.

In its appeal, Plaintiff focuses on why it did not file a motion to compel. Specifically, Plaintiff asserts its "multiple conferences were in keeping with the Local Rules' stringent meet-and-confer obligations," and its "reluctance to simply fire off a motion was due to MCT's own unwillingness to declare an impasse." Dkt. # 133 at 1. Even if the Court were to assume for purposes of this Order that the "continued engagement of MCT in the meet-and-confer process

ORDER – Page 10

[was] a full stop under LR CV-7(h) to Plaintiff's ability to freely file a motion to compel," *id*. at 2, this would still not explain Plaintiff's failure to timely file its motion or its continued failure to diligently pursue this case even after it missed the June 1 deadline.

As urged by MCT in its expedited response, "Plaintiff has still not: designated an expert, provided information on the type of expert it would designate, or provided an expert report opining that conclusions cannot be reached until it has received additional information from MCT." Dkt. # 131 at 2. MCT takes issue with Plaintiff's main argument that it could not have designated an expert without MCT's source code,[5] pointing out "Plaintiff could have at least designated an expert that explained what additional information was needed from the Defendants to complete his or her report." *Id*.

---

[5] According to MCT, Plaintiff's Second Amended Complaint alleges, in part, that Defendant Meredith took Plaintiff's source code and gave it to both Defendants Surgical Notes and MCT. Dkt. # 131 at 2 (citing Dkt. # 92, ¶¶ 61, 102, 195). MCT asserts Plaintiff conceded it had access to the Meredith and Surgical Notes Defendants' source code on or shortly after May 16, 2018 – before its June 1, 2018 deadline for Plaintiff's expert testimony disclosures. Dkt. # 131 at 2-3. MCT argues "Plaintiff offers no explanation why it failed to access or make a copy of Defendants' source code before June 1, 2018, why it did not use the information it did have to timely disclose its expert testimony, or why Plaintiff has failed to do so to this day." *Id*. at 3.
     The Court notes the Surgical Notes Defendants also filed a response to Plaintiff's motion for reconsideration. *See* Dkt. # 132. Even though they did not initially oppose Plaintiff's motion for entry of the proposed Second Amended Scheduling Order, the Surgical Notes Defendants oppose Plaintiff's request for reconsideration "given the lateness of the schedule and the ever-approaching trial date." *Id*. at 1. "Further, Surgical Notes [states it] has made clear since before the Court's entry of the Amended Scheduling Order (Dkt. 96) that Surgical Notes' source code was in the possession of counsel and available for review, subject to a suitable protective order" and could have been made available prior to the entry of the protective order. *Id*. at 1-2. According to Surgical Notes, it "encouraged Plaintiff to review its source code to substantiate Surgical Notes' unwavering claims throughout the pendency of the case that its source code does not infringe Plaintiff's purported copyright;" however, Plaintiff never formally reviewed the available source code. *Id*. The Surgical Notes Defendants state Plaintiff finally reviewed the source code on September 26, 2018 – "via remote facetime interface with counsel present telephonically, under Rule 408." *Id*. at 2-3.

ORDER – Page 11

The Court finds Plaintiff's reasons insufficient. Not only has Plaintiff failed to show it could not have met the June 1 deadline to disclose expert testimony despite its diligence, it has also failed to adequately explain its delay in filing the motion to extend the expert testimony disclosure deadlines. Thus, the first factor weighs against modifying the expert testimony disclosure deadlines.

Turning to the second factor, Plaintiff asserts the November 2 Order is essentially a death penalty, at least on its copyright infringement claims. This argument alone does not convince the Court of the importance of modifying the expert testimony disclosure deadlines. Importantly, it is now more than five months since its initial deadline expired, and Plaintiff still has not designated an expert. The Court is therefore unable to "assess the significance of expert testimony because Plaintiff has not provided any information (name, subject matter, etc.) much less a report." Dkt. # 128 at 12. In seeking reconsideration, Plaintiff still fails to provide any of this information that is key to showing good cause.

Regarding the third factor, the Court finds MCT (and the other defendants) would be prejudiced by an extension of the expert testimony disclosure deadlines at this late date. In denying the plaintiff's motion for leave to designate an additional expert witness in the *Avneri* case, relied upon by the Magistrate Judge, this Court noted the opposing party did not have an opportunity to designate rebuttal witnesses or an opportunity to challenge Becker. 2017 WL 4517955, at *5. The Court held the late designation of Becker, and even later filing of his report, favored denial of the motion. *Id*. According to the Court, "[e]ven though Becker's testimony [was] important to Avneri's case, that factor, without more, d[id] not outweigh the other factors that favor[ed] denying the motion for leave to amend." *Id*. Similarly here, even assuming the importance of the requested modification, this factor, without more, would not outweigh the other factors.

ORDER – Page 12

Finally, the Court finds the fourth factor weighs against modifying the expert testimony disclosure deadlines. The Court disagrees with Plaintiff that there is "no apparent reason why the schedule cannot be extended without moving the trial." Dkt. # 133 at 3. Even though Plaintiff also moves, in the alternative, for a brief continuance, the Court is unwilling to grant such a continuance here. Importantly, the parties did not initially move for a continuance of the March 2019 trial date or any of the pretrial deadlines; thus, that issue was not even before the Magistrate Judge. What is more, this case has been pending since August 2017. While continuing the case might diminish the prejudice to MCT, "it would result in increased cost and delay." *Young v. Brand Scaffold Servs., LLC*, No. CIV.A. 1:07-CV-917, 2009 WL 4674050, at *13 (E.D. Tex. Feb. 24, 2009) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).

## CONCLUSION

The Court does not find the Magistrate Judge's November 2, 2018 Order clearly erroneous or contrary to law. The Court finds the Magistrate Judge correctly considered the four-factor test, and the Court agrees there is not good cause to justify extending the expert testimony disclosure deadlines. However, considering it has been two weeks since the Magistrate Judge entered the November 2 Order extending the discovery deadline to November 16, as originally requested by Plaintiff in its motion, the Court will extend the discovery deadline to November 30, 2018, as requested in Plaintiff's motion for reconsideration. Accordingly, it is

**ORDERED** that Plaintiff's Emergency Motion for Reconsideration or Review of Magistrate's Order or Request, in the Alternative, for Continuance of Trial (Dkt. # 129) is **DENIED.** It is further

**ORDERED** the discovery deadline and the deadline to submit to the Court any discovery disputes, including assertions of privilege, are both extended to **November 30, 2018.**

**IT IS SO ORDERED.**

**SIGNED this 3rd day of December, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE