# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

VIRTUAL CHART SOLUTIONS I, INC. §
             Plaintiff         §
                              §
V.                            §      Civil Action No. 4:17cv546
                              §      Judge Mazzant/Magistrate Judge Craven
BRIAN LEE MEREDITH, ET AL.   §
            Defendants      §

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States

Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On January 2, 2019, the

Magistrate Judge issued a Report and Recommendation, recommending Defendant MRI Centers of

Texas, LLC's Motion for Summary Judgment (Dkt. # 114) be denied. Virtual Chart Solutions I, Inc.

("Plaintiff") filed partial objections to the Report and Recommendation. Defendant MRI Centers

of Texas, LLC ("MCT") filed a response to the partial objections. The Court conducts a *de novo*

review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

In its Second Amended Complaint, Plaintiff alleges copyright infringement, inducement to

infringe copyright, contributory copyright infringement, vicarious copyright infringement, breach

of fiduciary duty, breach of contract, misappropriation of trade secrets, unfair competition, and

accounting against the following defendants: (1) Brian Lee Meredith; Tracie Dawn Davis; Virtual

Chart Network, LLC; virtualasc.com (d.b.a. myPIcase.com); Virtual Chart Solutions, LLC; and Lone

Star VCS, LLC (the "Meredith Defendants"); (2) Surgical Notes, Inc.; Surgical Notes MDP, LP;

Surgical Notes GP, LLC; and Surgical Notes RCM, LLC (the "Surgical Notes Defendants");[1] and (3) MRI Centers of Texas, LLC ("MCT").

Plaintiff alleges it employed Defendant Brian Meredith beginning in May 2013, establishing a confidential relationship between Plaintiff and Meredith. (Dkt. # 92, ¶¶ 19, 21). Plaintiff alleges Meredith failed to maintain the confidentiality of Plaintiff's trade secret and proprietary information and provided said information, along with the identity of Plaintiff's customers/clients, to MCT for his own benefit and to the benefit of MCT. *Id.*, ¶ 292. Plaintiff further alleges MCT knew, or should have reasonably suspected, that the information and access provided by Meredith was proprietary to Plaintiff or was Plaintiff's "trade secret material." *Id.* Finally, Plaintiff alleges Meredith provided MCT with access to intellectual property and proprietary information belonging to Plaintiff; thus, Meredith and MCT misappropriated Plaintiff's trade secret and proprietary information - illegally and unjustly enriching Meredith and MCT. *Id.*, ¶ 297.

## REPORT AND RECOMMENDATION

MCT moved for summary judgment dismissing Plaintiff's claims for trade secret misappropriation, unfair competition, and for statutory damages or attorney's fees in its copyright claims against MCT. (Dkt. # 114). In response, Plaintiff dismissed without prejudice its unfair competition claims and claims for statutory damages and attorneys' fees under the Copyright Act. (Dkt. # 121 at 3). On January 2, 2019, the Magistrate Judge entered a Report and Recommendation regarding proposed findings of fact and recommendations that MCT's motion for summary judgment

---

[1] On January 28, 2019, Plaintiff filed a partially unopposed motion seeking to dismiss the Surgical Notes Defendants under Rule 41(a)(2) with prejudice, with all parties bearing costs and fees incurred by same. According to the motion, the Surgical Notes Defendants have indicated they do not oppose the dismissal, but they oppose the part of the motion allocating costs and fees, and that they are seeking attorneys' fees under the Copyright statute. (Dkt. # 146).

be granted as to Plaintiff's trade secret misappropriation claim. (Dkt. # 138) ("Report and Recommendation"). The Magistrate Judge further recommended Plaintiff's trade secret misappropriation claim against MCT be dismissed with prejudice.

The Magistrate Judge first found Plaintiff's trade secret misappropriation claim is not preempted by the Copyright Act. *Id*. at 13. She then considered whether Plaintiff's trade secret misappropriation claim against MCT fails as a matter of law because it fails to allege the necessary element that MCT breached a confidential relationship. *Id*. at 14-17. The Magistrate Judge concluded Plaintiff submitted no evidence creating a genuine issue of material fact regarding whether MCT breached any confidential relationship with Plaintiff in acquiring the alleged trade secrets, or that MCT improperly discovered the alleged trade secrets from Plaintiff – a necessary element to establish trade secret misappropriation against MCT. *Id*. at 17. Therefore, the Magistrate Judge recommended this part of MCT's motion for summary judgment be granted.

## OBJECTIONS

In its partial objection, Plaintiff asserts a "single discrete issue– which may be more of a clarification than it is an objection." (Dkt. # 144 at 1). According to Plaintiff, it argued before the Magistrate Judge that its trade secret claims that involve Defendant Meredith's development of code after he became an officer of Plaintiff in May 2013 should not be dismissed because, at that time, there was a confidential relationship. Plaintiff asserts Meredith performed work on behalf of MCT for two years after becoming president of Plaintiff. Plaintiff further asserts MCT has not provided any basis for the Court to conclude that, after May 2013, it paid its license fees (*i.e.*, after Meredith became an officer of Plaintiff). *Id*. at 2. Plaintiff points out the exhibits attached to MCT's motion for summary judgment reflect invoices paid to Meredith and Virtual Chart Solutions through April

of 2013 only.  *Id.* at 2 n. 4.

Plaintiff states MCT's motion for summary judgment and the Report and Recommendation are "silent on the aspect of Plaintiff's claims that the software and technical consulting Meredith performed for MCT after the employment began were in violation of a confidential relationship." *Id.* at 3.  Plaintiff argues, "[d]esite its oblique references, nothing in MCT's Motion or evidence dispenses with Plaintiff's allegation that Meredith essentially performed *coding* work for MCT during the time he was employed and after he assigned all his intellectual property rights." *Id.* (emphasis in original).  Arguing MCT did not move on this aspect of Plaintiff's trade secret claim that applies post-employment of Meredith, "for that reason alone," Plaintiff asserts the Report and Recommendation's "wholesale elimination of Plaintiff's trade secret claims is overbroad." *Id.*

In response, MCT asserts "the thrust of Plaintiff's objection is that, after Defendant Meredith leased software to MCT, Meredith entered a confidential relationship with Plaintiff and continued to provide software support services to MCT." (Dkt. # 145 at 1).  According to MCT, assuming "arguendo that there was a confidential relationship between Plaintiff and Meredith at some point in time, the uncontroverted evidence shows there was never a confidential relationship between Plaintiff and MCT." *Id.* at 1-2.  MCT maintains this fact, which Plaintiff's partial objection does not challenge, is dispositive of Plaintiff's misappropriation claim against MCT.  *Id.* at 1.

## *DE NOVO* REVIEW

### *Applicable law*

A trade secret is "any formula, pattern, device or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it." *In re Bass*, 113 S.W.3d 735, 739 (Tex. 2003) (quoting *Computer Assocs. Intern. v.*

*Altai*, 918 S.W.2d 453, 455 (Tex. 1994)). To establish a claim for trade secret misappropriation, a plaintiff must show: (1) a trade secret existed; (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and (3) use of the trade secret without authorization from the plaintiff. *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 874 (5th Cir. 2013) (internal quotation marks and citation omitted). Summary judgment is appropriate where the plaintiff only shows that the defendant "inevitably" or likely misappropriated trade secrets. *GE Betz Inc. v. Moffitt-Johnson*, 301 F. Supp. 3d 668, 690 (S.D. Tex. 2014), *aff'd in part sub nom. GE Betz, Inc. v. Moffitt-Johnston*, 885 F.3d 318 (5th Cir. 2018) (quoting *Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452, 464 (Tex. App.–Austin 2004, no pet.)).

The absence of a confidential relationship between the plaintiff and the defendant is fatal to trade secret misappropriation. *See Gaia Techs. Inc. v. Recycled Prods. Corp.*, 175 F.3d 365, 376-77 (5th Cir. 1999) (reversing district court's summary judgment in favor of plaintiff trade secret owner where there was no evidence of a confidential relationship between plaintiff and defendant); *Holloman v. O. Mustad & Sons (USA), Inc.*, 196 F. Supp. 2d 450, 459 (E.D. Tex. 2002) (granting summary judgment against trade secret misappropriation because no confidential relationship existed between plaintiff and defendant).

***Discussion***

In *Gaia*, the Fifth Circuit Court of Appeals considered an appeal from a judgment in favor of the plaintiff against corporate and individual defendants on several states law claims, including misappropriation of trade secrets. 175 F.3d at 368. On appeal, the corporate defendants argued the plaintiff failed to cite any evidence that the corporate defendants misappropriated any of their technology from the plaintiff, "that is, discovered the trade secrets by breaching a confidential

relationship or by other improper means. *Id.* at 376. According to the defendants, the plaintiff "simply cite[d] evidence that the technology advertised by the corporate defendants was similar to the Turner–Entek technology eventually acquired by Gaia." *Id.*

The Fifth Circuit held the plaintiff presented no evidence of a confidential relationship between it and the corporate defendants that would support a claim for misappropriation of trade secrets. *Id.* at 377. According to the Fifth Circuit, the plaintiff failed to prove the corporate defendants breached any confidential relationship with the plaintiff in acquiring the alleged trade secrets, or that the corporate defendants improperly discovered the trade secrets from the plaintiff. *Id.* The Fifth Circuit reversed the judgment of the district court and rendered judgment in favor of the defendants. *Id.* at 378.

After discussing *Gaia* and the state court case relied upon by the Fifth Circuit therein, *GeoChem Tech Corp. v. Verseckes*, 929 S.W.2d 85 (Tex. App.—Eastland, 1996), *rev'd on other grounds*, 962 S.W.2d 541 (Tex. 1998),[2] the Magistrate Judge held Plaintiff had submitted no evidence creating a genuine issue of material fact regarding whether MCT breached any confidential relationship with Plaintiff in acquiring the alleged trade secrets, or that MCT improperly discovered the alleged trade secrets from Plaintiff. Therefore, she recommended MCT's motion for summary judgment be granted as to Plaintiff's entire trade secret misappropriation claim against MCT.

---

[2] The plaintiff in *Verseckes* purchased certain trade secrets from a company called HGS. *Gaia*, 175 F.3d at 376 (citing *Verseckes*, 929 S.W.2d at 91). The defendant, a former employee of HGS, allegedly made use of that technology in violation of a confidentiality agreement he had signed with HGS. *See id.* The appellate court in *Verseckes* ruled that such facts could not make out a claim for misappropriation of trade secrets. *Gaia*, 175 F.3d at 376-77 (citing *Verseckes*, 929 S.W.2d at 91).

In its partial objection, Plaintiff seeks "clarification" on whether the Report and Recommendation went too far in recommending a "wholesale" dismissal of Plaintiff's trade secret misappropriation claims. (Dkt. # 144 at 3). Plaintiff asserts MCT did not move for summary judgment on the aspect of Plaintiff's trade secret misappropriation claim that applies post-employment of Meredith (post-May 2013). Plaintiff states it is undisputed that Meredith performed work on behalf of MCT for two years after becoming president of Plaintiff in May 2013. According to Plaintiff, "MCT has not provided any basis for this Court to conclude that, after May 2013, [MCT] paid its license fees (*i.e.*, after Meredith became an officer of Plaintiff.)" (Dkt. # 114 at 2). This is similar to how Plaintiff responded to MCT's motion for summary judgment.

In its motion, MCT argued Plaintiff failed to produce evidence sufficient to show MCT breached a confidential relationship with Plaintiff or improperly acquired the trade secrets from Plaintiff – a necessary element to establish trade secret misappropriation against MCT (Dkt. # 114 at 12). However, in its response, Plaintiff framed the issue as one of an affirmative defense of "license" on which MCT had the burden of proof.[3] (Dkt. # 121 at 8). As urged by MCT in its reply, the issue of whether MCT had a valid license is immaterial to the Court's analysis. (Dkt. # 123 at 2). Plaintiff's failure to presented sufficient evidence to create a fact issue showing a confidential relationship between Plaintiff and MCT (at any time) is fatal to Plaintiff's misappropriation claim as a matter of law.

---

[3] According to Plaintiff, MCT failed to conclusively establish that MCT acquired Plaintiff's alleged trade secrets from a valid license from Defendant Meredith—a third party to Plaintiff's misappropriation claim against MCT. Plaintiff further asserted the payments in the record—even if they were to license the software—stopped in May 2013; therefore, whatever existing licensing agreement there might have been terminated before Plaintiff obtained the software in question and cannot bar any claims arising post-May 2013 against Defendant for its unlicensed use of that software.

Plaintiff's partial objection does not address, much less distinguish, the *Verseckes* and *Gaia* decisions relied upon by the Magistrate Judge in her 18-page Report and Recommendation. Instead, Plaintiff cites cases standing for the proposition that a confidential relationship may have existed between employer Plaintiff and former employee Meredith. As noted by MCT, this argument was rejected by the court in *Verseckes*, which noted that "[w]hile a confidential relationship might have existed between [the defendant] and . . . HGS, the summary judgment evidence show[ed] that no relationship, confidential or otherwise, existed between [the plaintiff and defendant]." *Gaia*, 175 F.3d at 376-77 (citing *Verseckes*, 929 S.W.2d at 91). In this case, while a confidential relationship may have existed between Plaintiff and Meredith, Plaintiff has presented no evidence of a confidential relationship between it and MCT (before or after May 2013) that would support a claim for misappropriation of trade secrets against MCT. *See Gaia*, 175 F.3d at 377. Thus, summary judgment is appropriate.

The Court is of the opinion the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant MRI Centers of Texas, LLC's Motion for Summary Judgment (Dkt. # 114) is **GRANTED**, and the objections of Plaintiff are **OVERRULED**. It is further

**ORDERED** that Plaintiff's trade secret misappropriation claim against MCT is **DISMISSED WITH PREJUDICE.**

**SIGNED this 5th day of February, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE