# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| VIRTUAL CHART SOLUTIONS I, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:17-cv-546-ALM-CMC |
| BRIAN LEE MEREDITH, et al., | § § § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On June 17, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending Defendant MRI Centers of Texas, LLC's Motion for Summary Judgment (Dkt. #136-1) be granted and that Plaintiff's copyright infringement claims against Defendant be dismissed with prejudice[1] (Dkt. #203). Virtual Chart Solutions I, Inc. ("Plaintiff" or "VCSI") filed objections to the R&R (Dkt. #205). MRI Centers of Texas, LLC ("Defendant" or "MCT") filed a response to the objections (Dkt. #206). The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions. Plaintiff's request for a hearing is denied.

---

[1] The Magistrate Judge did not make a recommendation as to Defendant's Request for Costs and Attorney's Fees (Dkt. #136-2). *See* R&R at p. 23 n. 5 ("It is the Court's opinion that issue should be addressed following the District Judge's consideration of this Report and Recommendation and at the same time as the Surgical Notes Defendants' Proposed Bill of Costs and Brief in support of an Award of Attorney Fees Pursuant to 17 U.S.C. § 505 (Docket Entry # 192).").

## FACTUAL BACKGROUND

This is an action for copyright infringement, inducement to infringe copyright, contributory copyright infringement, vicarious copyright infringement, breach of fiduciary duty, breach of contract, misappropriation of trade secrets, unfair competition, and accounting filed by Plaintiff against the following defendants: (1) Brian Lee Meredith; Tracie Dawn Davis; Virtual Chart Network, LLC; virtualasc.com (d.b.a. myPIcase.com); Virtual Chart Solutions, LLC; and Lone Star VCS, LLC (the "Meredith Defendants"); (2) Surgical Notes, Inc.; Surgical Notes MDP, LP; Surgical Notes GP, LLC; and Surgical Notes RCM, LLC (the "Surgical Notes Defendants"); and (3) MCT (Dkt. #92). MCT is the only remaining defendant in this case.

According to Plaintiff, VCSI employed Brian Meredith ("Meredith") from May 2013 until February 19, 2015 (Dkt. #92 ¶¶ 19, 21, 64). On August 30, 2013, Meredith entered into a Proprietary Information and Inventions Agreement and a Technology Assignment Agreement ("TAA") with Plaintiff (Dkt. #92 ¶¶ 19, 21, 64). In these agreements, Meredith assigned all existing intellectual property rights he possessed to VCSI, including his rights to software and all related methods (Dkt. #92 ¶¶ 24, 37, 49). In the Second Amended Complaint ("SAC"), Plaintiff alleges all "such copyrights that VCSI owns all rights and interest in, and title to – including the literal sources code underlying the Billing, vImage, VCSImages, VCN, VCS, vChiro, and VCS Web modules – as recorded with the United States Copyright Office in Registration Nos. TXu 2-038-670, *et seq*. ('VCSI Copyright Materials')" (Dkt. #92 ¶ 51).

Plaintiff alleges that during Meredith's employment with VCSI, he gave Defendant access to and use of Plaintiff's proprietary information and copyrighted materials (Dkt. #92 ¶¶ 60–62, 75, 179–191). Specifically, Plaintiff argues Meredith provided Defendant source code in violation of

Meredith's agreements with VCSI (Dkt. #92 ¶¶ 60–62, 75, 179–191). According to Plaintiff, upon information and belief, Defendant "reproduced, reproduces, adapted, adapts, offered, offers, installed, installs, distributed and distributes unauthorized copies of VCSI Copyright Materials;" "used, uses, operated, operates, offered, offers, installed, installs, distributed and distributes unauthorized copies of VCSI Copyright Materials through MCT's operations;" and "[t]he user interface and database structures of the MCT operations actually utilize(d) infringing copies of VCSI Copyright Materials." (Dkt. #92 ¶¶ 182–84). Plaintiff seeks injunctive relief and monetary damages for the alleged infringement (Dkt. #92 at pp. 43–45).

## PROCEDURAL BACKGROUND

In its SAC, Plaintiff sued Defendant for (1) trade secret misappropriation, (2) unfair competition, and (3) copyright infringement (Dkt. #92). On July 16, 2018, Defendant filed its first motion for summary judgment, arguing Plaintiff's claims for trade secret misappropriation, unfair competition, and for statutory damages or attorney's fees in its copyright claims should be dismissed (Dkt. #114). In its response in opposition, Plaintiff dismissed without prejudice the unfair competition claims and claims for statutory damages and attorneys' fees under the Copyright Act (Dkt. #121 at p. 3), leaving only the trade secret misappropriation claim the subject of Defendant's first motion for summary judgment.

The Magistrate Judge entered a Report and Recommendation on Defendant's first motion for summary judgment on January 2, 2019 (Dkt. #138). This Report and Recommendation recommended the motion be granted and Plaintiff's trade secret misappropriation claim be dismissed with prejudice (Dkt. #138). The Court adopted the January 2 Report and

3

Recommendation on February 5, 2019 (Dkt. #149). Only Plaintiff's copyright infringement claim against Defendant remained pending.

Thereafter, Defendant filed a motion for leave to file a second motion for summary judgment, asserting Plaintiff's copyright infringement claim be dismissed (Dkt. #135). Because this motion was filed outside the dispositive motion deadline, the Magistrate Judge denied Defendant's motion (Dkt. #143). However, during the Final Pretrial Conference before the undersigned on March 8, 2019, the Court reinstated Defendant's second motion for summary judgment (Dkt. #136) for the Magistrate Judge to consider.

## MOTION FOR SUMMARY JUDGMENT

In its reinstated motion for summary judgment, Defendant argues it is entitled to judgment on Plaintiff's copyright infringement claim because Plaintiff judicially admitted in its briefing on a prior motion that its failure to designate an expert or disclose expert testimony prohibits Plaintiff from providing any evidence on copyright infringement from which a factfinder could reasonably decide in its favor[2] (Dkt. #136 at p. 1). Defendant further asserts Plaintiff cannot prove substantial similarity between its copyrighted work and the alleged infringing copy (Dkt. #136 at p. 5).

## REPORT AND RECOMMENDATION

On June 17, 2019, the Magistrate Judge entered the R&R on Defendant's second motion for summary judgment, recommending the Court grant summary judgment on Plaintiff's copyright

---

[2] On November 2, 2018, the Magistrate Judge denied Plaintiff's motion for entry of Plaintiff's proposed Second Amended Scheduling Order (Dkt. #128) (finding good cause to modify the discovery and submission of discovery disputes deadlines as requested by Plaintiff but ordering all other deadlines, including the expert designation deadline, remained). Because the November 2, 2018 Order prevented Plaintiff from introducing expert testimony, Plaintiff moved for reconsideration of the Magistrate Judge's November 2, 2018 Order, stating that "[w]ithout an expert, Plaintiff will not be able to meet its burden to prove that Defendant's [c]ode violated Plaintiff's copyright. Therefore, by not agreeing to extend the expert deadlines, the Order effectively dooms Plaintiff's copyright claims." (Dkt. #129 at p. 5). On December 3, 2018, the undersigned denied Plaintiff's motion for reconsideration (Dkt. #134 at p. 12) (noting Plaintiff had still not designated an expert, much less provided a report).

4

infringement claim (Dkt. #203). The Magistrate Judge first concluded Plaintiff failed to present sufficient evidence regarding factual copying of its copyrighted work. R&R at pp. 19-20. In so holding, the Magistrate Judge agreed with Defendant that there is no direct evidence that establishes MCT's code is the same as that source code Plaintiff copyrighted. R&R at p. 19. Second, the Magistrate Judge found that even if Plaintiff had presented direct evidence of factual copying, it still failed to produce evidence of a substantial similarity between the copyrighted code and the code used by Plaintiff. The Magistrate Judge noted the Fifth Circuit Court of Appeals has specifically considered, and rejected, Plaintiff's argument that direct evidence eliminates the need to produce evidence of substantial similarity. R&R at p. 20. The Magistrate Judge concluded no reasonable juror could find substantial similarity. R&R at p. 23.

## OBJECTIONS

Plaintiff filed three objections to the R&R (Dkt. #205). In the first objection, Plaintiff asserts the R&R mischaracterizes Plaintiff's direct evidence of copying and does not view those facts in the light most favorable to the Plaintiff as the non-movant (Dkt. #205 at p. 1). According to Plaintiff, Meredith testified he provided the entire code to MCT (Dkt. #205 at p. 1). Plaintiff argues a reasonable jury could find Plaintiff's entire copyrighted software was copied by Defendant based on this direct evidence (Dkt. #205 at p. 1).

In its second objection, Plaintiff argues the R&R "misapplies the proper standard of evidence in lawsuits alleging such direct infringement and copying." (Dkt. #205 at p. 1). Plaintiff asserts the R&R applies the standard for proving infringement circumstantially. According to Plaintiff, substantial similarity is not required in this case because factual copying was shown through direct evidence and this case also involves alleged infringement where an entire work was

5

copied as opposed to only some of the software parts (Dkt. #205 at p. 1–2). Plaintiff maintains that if the entire work was copied, "then that should be enough to raise an inference of material infringement." (Dkt. #205 at p. 2).

In its related third objection, Plaintiff disagrees with the R&R's conclusion that the facts of this case are distinguishable from the case law cited by Plaintiff in its response[3] (Dkt. #205 at p. 2). Based on its objections, Plaintiff requests the Court deny Defendant's second motion for summary judgment (Dkt. #205 at p. 2).

## **STANDARD OF REVIEW**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

The moving party must initially show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the movant bears the burden of proof on the claim or defense on which it is moving for summary judgment, it must provide evidence establishing all of the essential elements of the claim or defense as a matter of law. *Id.* at 194. If the nonmovant bears the burden of proof, the movant

---

[3] According to Defendant, Plaintiff's third objection is improper, and the Court does not need to even consider it (Dkt. #206 at p.1, n. 1). The Court agrees. As urged by Defendant, Plaintiff's "single sentence" discussing the third ground fails to explain the objection, specify the caselaw to which the objection refers, or provide any argument or analysis (Dkt. #206 at p. 1, n. 1). To the extent Plaintiff is objecting to the R&R's analysis of the caselaw on substantial similarity, the Court addresses the issue in response to Plaintiff's second objection.

may satisfy the burden of proof by showing the nonmovant has no evidence to support the claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present "significant probative evidence" showing a genuine issue of material fact to survive summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)).

While factual controversies are resolved in favor of the nonmoving party, that only occurs when both parties have submitted evidence of contradictory facts and there is an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). The Court does not assume the nonmovant could or would prove the necessary facts in the absence of sufficient evidence. *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## APPLICABLE LAW

*Copyright infringement generally*

To succeed on a claim for copyright infringement, the plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Prof'l Liab. Ins. Servs., Inc. v. Hiscox, Inc.*, No. 1:18-CV-001072-LY, 2019 WL 3238894, at *2 (W.D. Tex. July 17, 2019) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Vallery v. Am. Girl, L.L.C.*, 697 Fed. Appx. 821, 823 (5th Cir. 2017)). In order to establish "copying," a plaintiff must show "factual copying and substantial similarity." *Hiscox*, 2019 WL

3238894, at *2 (quoting *Guzman v. Hacienda Records and Recording Studio*, 808 F.3d 1031, 1037 (5th Cir. 2015)).

To establish factual copying, a plaintiff must provide direct or circumstantial evidence that the alleged infringer actually copied the protected material and used the material in his own work. *Id.* Direct evidence is "[e]vidence, which if believed, proves existence of fact in issue without inference or presumption." *Seastrunk v. Darwell Integrated Tech., Inc.*, No. CIV.A3:05CV0531BF(G), 2008 WL 898766, at *7 (N.D. Tex. Mar. 28, 2008) (unreported), *amended* (Aug. 1, 2008) (quoting *Black's Law Dictionary* 460 (6th ed. 1990)). In addition, "factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to the creation of the infringing work, and (2) probative similarity." *Hiscox*, 2019 WL 3238894, at *2 (quoting *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 368 (5th Cir. 2004) *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)).

To determine access, the court considers whether the person who created the allegedly infringing work had a reasonable opportunity to view the copyrighted work. *Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001). The second step in deciding whether there is a genuine issue of material fact regarding factual copying - probative similarity - requires determining whether the works, "when compared as a whole, are adequately similar to establish appropriation." *Gen. Universal Sys.,* 379 F.3d at 142 (quoting *Peel*, 238 F.3d at 397). In some cases, factual copying may be proven without a showing of access "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation." *Id.*

"Even if copying is established, it must be legally actionable." *Batiste v. Lewis*, No. CV 17-4435, 2019 WL 1790454, at *6 (E.D. La. Apr. 23, 2019) (quoting *Vallery,* 697 Fed. Appx. at 824). "To determine whether an instance of copying is *legally actionable*, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Hiscox*, 2019 WL 3238894, at *2 (quoting *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997)). In other words, once a plaintiff shows factual copying, the court must then determine if the copyrighted work and the alleged infringing work are substantially similar. *Gen. Universal Sys.*, 379 at 142; *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576& 577 n.8 (5th Cir. 2003) (noting the tests for probative and substantial similarity are different, but "it is possible that the same evidence will satisfy both tests"); *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340-41 (5th Cir.1994). Summary judgment on substantial similarity is appropriate when "the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression." *Gen. Universal Sys.*, 379 at 142.

***Computer software cases specifically***

Computer software is entitled to copyright protection. *Macro Niche Software, Inc. v. 4 Imaging Sols., L.L.C.,* No. CV H-12-2293, 2013 WL 12140417, at *4 (S.D. Tex. Dec. 18, 2013) (citing *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 142 (5th Cir. 2004)). Both the literal elements of the software, which are the source code and object code, and the nonliteral elements of the software, such as the architecture, structure, sequence, organization, operational modules, user interface, and screen displays, may be protectable. *Id*.

Computer software cases are different from traditional copyright cases because of their complicated and technical subject matter. Ran Duan, *Antonick v. Electronic Arts: Expert Witnesses and Software Copyright Infringement*, 33 Berkeley Tech. L.J. 1147, 1151 (2018). There are three main tests for determining substantial similarities: the ordinary observer or intended audience test used by the Second Circuit; the extrinsic/intrinsic test developed by the Ninth Circuit; and the abstraction, filtration, and comparison test. *Id.* at 1151-52. In *Assocs. Int'l., Inc. v. Altai, Inc*., 982 F.2d 693, 706-07 (2d Cir. 1992), the Second Circuit announced the most influential substantial similarity test for computer programs, the abstraction-filtration-comparison test. To assess a claim of software infringement, the Fifth Circuit has generally endorsed the "abstraction-filtration-comparison" test first outlined by the Second Circuit in *Altai* and refined by the Tenth Circuit in *Gates Rubber Co. v. Bando Chemical Industries, Ltd. Gen. Universal Sys.,* 379 F.3d at 142-43 (noting it did not need to answer the question of whether that test should also be used to evaluate charges that a program's source or object code was copied because the district court used *Altai* only in its decision to dismiss claims that nonliteral elements were copied).[4]

## DE NOVO REVIEW

*Plaintiff's first objection*

"Direct evidence of copying is rarely available because it includes evidence such as party admissions, witness accounts of the physical act of copying, and common errors in the works of plaintiffs and the defendants." *Federation of State Massage Therapy Boards v. Mendez Master*

---

[4] Plaintiff's claim is about source code infringement not copyright infringement of nonliteral elements. In recommending summary judgment be granted, the Magistrate Judge put aside Defendant's assertion that this case would involve the application of the "far more complex" abstraction/filtration/comparison test which would require expert testimony. The Court's decision is not based on whether plaintiff or an expert for the plaintiff would be required to perform the abstraction-filtration-comparison test in this case.

*Training Center, Inc., et al.*, No. CV 4:17-02936, 2019 WL 3774067, at *6 (S.D. Tex. May 7, 2019) (quoting *Nat'l Conf. of Bar Exam'rs v. Multistate Legal Studies, Inc.*, 458 F. Supp. 2d 252, 256 (E.D. Pa. 2006) (quoting *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006))). As noted above, a plaintiff can also prove factual copying by circumstantial evidence, but a circumstantial claim requires proof that the defendant had access to the copyrighted work prior to creating the infringing work and that the works contain similarities that are probative of copying. *Architettura, Inc. v. DSGN Assocs., Inc.*, No. 3:16-CV-3021-S, 2018 WL 3575878, at *4 (N.D. Tex. July 25, 2018) (citing *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007)).

Here, Plaintiff does not argue it can establish factual copying by circumstantial evidence. Rather, in its response to Defendant's motion, Plaintiff offered two pieces of what it argued constituted direct evidence of Defendant's factual copying: (1) testimony from former co-defendant Meredith that the software he leased to MCT was a copy of the code that Plaintiff subsequently acquired; and (2) Defendant's admission it leased software from Meredith[5] (Dkt. #193 at pp. 5-6).

---

[5] In its response to Defendant's second motion for summary judgment, Plaintiff also relied on statements contained in MCT's July 16, 2018 motion for summary judgment, asserting they show the software in question is plainly the software comprising Plaintiff's claim for copyright. According to Plaintiff, in arguing in its first summary judgment motion the copyright claims preempted the trade secret claims, MCT's evidence and arguments concede they cover the same technology—i.e., the software undergirding Plaintiff's copyright and trade secret claim is the same as the software MCT received from Meredith prior to Meredith having a "confidential relationship" with Plaintiff. *See* R&R at pp. 10-11.

However, in its reply, Defendant stated it only "admitted" it leased some software from Meredith, not that it leased the same software Plaintiff copyrighted (Dkt. #194 at pp. 3-4). Defendant pointed out the alleged admission that Plaintiff cites was filed on July 16, 2018—eleven days before Plaintiff produced its copyrighted source code in discovery on July 27, 2018. *Id*. at p. 4, n. 2. Defendant further pointed out that in Plaintiff's response to Defendant's first motion, Plaintiff stated the "evidence in the record does not even link the software licensed in 2012 to the claims brought herein—thus, Defendant has not met its prima facie burden to prove that it licensed the same software that is being sued upon in this case." *Id*. (quoting Dkt. #121 at p. 2).

According to Defendant's reply, Plaintiff's copyrighted work (attached as Exhibits 6 and 7 to Plaintiff's response) is comprised of over 250 pages of technical source code, and by Plaintiff's own admission its copyright covers only some of its source code. Defendant maintains there is no evidence that MCT copied this same subset of code (Dkt. #194 at p. 1). The Magistrate Judge agreed, noting Meredith never testified the compiled code leased to MCT was identical to the source code copyrighted by Plaintiff.

In its first objection to the R&R, Plaintiff focuses on Meredith's testimony, asserting it is direct evidence sufficient to establish factual copying. In his deposition in a Rule 202 action filed by Defendant in Dallas County District Court, Meredith testified that MCT had the "compiled code" of Plaintiff's source code and that MCT did not have the source code itself (Dkt. #193, Exhibit 1 at 25: 3–6). Meredith stated MCT did not own the source code, but it owned and was using a compiled license; therefore, MCT could not modify the software or source code. *Id*. at 33:2–34:5. Meredith testified Plaintiff and MCT had "similar" or "the same software."[6] *Id*. at 17:1-18.

In its response to the objections, Defendant asserts Meredith never testified the compiled code leased to MCT was the same as whatever source code Plaintiff subsequently copyrighted (Dkt. #206 at p. 3) (further pointing out Meredith's deposition (dated April 24, 2018) occurred more than three months before Plaintiff produced a copy of its purported copyrighted work on July 27, 2018).

---

[6] ("Q. Okay. So—and when you were working on it when they [Bob and Robert Shields] stopped doing business together in 2012, 2013, they had independent software at that time, meaning it wasn't being updated simultaneously, Bob would make some changes, Robert would make other changes but they operated parallel. Would that be fair? [Objection omitted] A. I mean, it was a similar[]--they did not – they used the same software, yes. So any updates done to one was done to the other. Q. What if one didn't want the update of the other? Did that ever happen? A. No. Q. Okay. So, the software was—your testimony is it was updated simultaneously on both sides? A. Correct.").

Defendant argues Plaintiff failed to create an evidentiary connection between the software leased to MCT with the source code copyrighted by Plaintiff and thus has failed to present sufficient evidence on the requisite element of factual copying (Dkt. #206 at p. 4).

The Fifth Circuit routinely notes that direct evidence of factual copying must establish copying *of the copyrighted work*. *Gen. Universal Sys.*, 379 F.3d at 141. The Court agrees Meredith's testimony is not evidence, which if believed, proves factual copying of the copyrighted work without inference or presumption. Like the Magistrate Judge, the Court is not convinced Plaintiff offered direct evidence, from Meredith or otherwise, that MCT as the alleged infringer actually copied the protected material. Plaintiff's failure to present sufficient direct (or circumstantial) evidence to create a genuine issue of material fact on the element of factual copying means summary judgment is proper.

*Plaintiff's second objection*

In its second objection, Plaintiff argues substantial similarity is not required when there is direct evidence of factual copying. Only after factual copying has been established does the factfinder consider the second showing to establish actionable copying—the question of substantial similarity. *Bridgmon*, 325 F.3d at 577, n.7. Even though Plaintiff has failed to present sufficient evidence of factual copying, like the Magistrate Judge, the Court will assume Plaintiff has offered sufficient direct evidence of factual copying and will consider if that would vitiate the substantial similarity requirement.

As it did before the Magistrate Judge, Plaintiff relies on case law from other circuits to support its argument that substantial similarity is not required when direct evidence of factual copying is provided. According to Defendant's response to the objections, Plaintiff supports its

argument by citing district and appellate cases from the First, Sixth, and Ninth Circuits, "which do not require substantial similarity where there is direct evidence of factual copying—in sharp contrast to the Fifth Circuit." (Dkt. #206 at pp. 5 & 7) (further stating binding "Fifth Circuit precedent states that substantial similarity is a required finding in all copyright infringement cases, and Plaintiff's objection to the contrary is simply contrary to the law").

The Court finds Plaintiff's argument without merit for the following reasons. First, as pointed out by the Magistrate Judge, in the Ninth Circuit substantial similarity is not a separate element of actionable copying. *See* R&R at p.p. 18-19 (discussing *Range Road Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148 (9th Cir. 2012)). Additionally, cases from other circuits may use the phrase "substantial similarity" differently than how it is used in this circuit. *See Bridgmon*, 325 F.3d at 577 n. 8 (noting that "[the plaintiff's] brief cites several cases from other jurisdictions where the phrase substantial similarity is used interchangeably in the two different inquiries"). Most importantly, Fifth Circuit law is clear that substantial similarity must be shown to establish actionable copying, even where direct evidence of factual copying is provided.

In *Bridgmon*, the plaintiff argued on appeal to the Fifth Circuit (as Plaintiff does in its second objection) that he did not need to establish substantial similarity between the copyrighted software and the allegedly infringing software because he had produced direct evidence of copying. 325 F.3d at 577. The Fifth Circuit did not find this argument persuasive. *Id*. It held "this argument simply misperceives that "not all 'factual' copying constitutes legally actionable copyright infringement," and found substantial similarity is a required element even where direct evidence of copying is provided. *Id.* The Fifth Circuit stated "a plaintiff must produce evidence of substantial similarity between the two protected works even when it intends to prove that

14

defendant did in fact copy the protected work through direct evidence." *Seastrunk*, 2008 WL 898766, at *7 (citing *Bridgmon*, 325 F.3d at 577 n.8).

The cases from within the Fifth Circuit cited by Plaintiff in its objections do not support Plaintiff's argument that substantial similarity would not be required here if Plaintiff had presented sufficient direct evidence of factual copying. *See Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999) (acknowledging that substantial similarity is required in establishing copyright infringement but primarily discussing the distinction between direct and contributory copyright infringement); *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340-41 (5th Cir. 1994), *opinion supplemented on denial of reh'g*, 46 F.3d 408 (5th Cir. 1995) (noting substantial similarity between the two works is required for the "second and usually more difficult question [of] whether the copying is legally actionable" but focusing on whether the computer manuals and data cards at issue were protected under the Copyright Act). Binding precedent in the Fifth Circuit requires a finding of substantial similarity even in cases where factual copying is shown through direct evidence. Therefore, Plaintiff's second objection is without merit.

After assuming there was sufficient direct evidence regarding factual copying, the R&R correctly considered whether Plaintiff could meet its burden of creating a genuine issue of material fact as to substantial similarity. The Magistrate Judge concluded Plaintiff could not. The Court agrees and finds *Gen. Universal Sys*. instructive.

In that case, the Fifth Circuit was persuaded that summary judgment was appropriate because the plaintiff presented no evidence supporting its claims of literal copyright infringement. 379 F.3d at 145-46. According to the court, the plaintiff would bear the ultimate burden at trial of proving the alleged infringing system copied the protected system. *Id.* at 146. The "four isolated

pieces of evidence" produced by the plaintiff failed "on the most basic level." *Id.* Those four exhibits were as follows:

> GUS attached four exhibits as evidence of this copying: (1) a printout that purported to be a 'database layout' listing the names of fields used by the MEPAW and LOPEZ COBOL systems; (2) a directory list giving the names of data entry fields used by the two software systems; (3) a print-out of a program contained in MEPAW that was created on October 25, 1983, by Jose Lopez; and (4) print-outs of invoices generated by the LOPEZ COBOL and MEPAW systems. GUS argued that the first three of these exhibits constituted evidence of 'direct, line by line copying.' For the fourth exhibit, GUS argued that the layouts of the MEPAW and LOPEZ COBOL invoices were almost exactly the same, suggesting that the source code which generated them must also be strikingly similar.

*Id.* at 144.

According to the Fifth Circuit, to prevail on a claim of source code copyright infringement, the plaintiff would have to prove that "MEPAW's source code [was] substantially similar to LOPEZ COBOL's source code," and to do so, "a side-by-side comparison must be made between the original and the copy." *Id.* at 146. The plaintiff, however, "failed to attach any of its own source code to its summary judgment motion or to compare MEPAW source code to LOPEZ COBOL source code, despite its conclusory assertions that the four exhibits were evidence of direct copying." *Id.* The Fifth Circuit concluded that without providing its own source code for comparison, the plaintiff did not satisfy the requirement that the infringed and infringing work be compared side-by-side. *Id.* (noting that perhaps there was relevant LOPEZ COBOL source code buried deep in the record somewhere and perhaps the district court "could have waded through the record to find code that looked similar to the exhibits GUS attached," but stating the court was not required to do so).

The plaintiff's difficulty stemmed, "ultimately, from the muddled nature of its infringement claims."[7] *Id.* Only the third exhibit contained any source code. *Id.* Although the plaintiff's expert asserted that he found this program in the MEPAW system and that a "strikingly similar" copy existed in LOPEZ COBOL, the plaintiff failed to provide the copy from LOPEZ COBOL's source code for comparison. *Id.* The Fifth Circuit concluded the plaintiff "presented insufficient evidence of source code copying to survive summary judgment." *Id.*

Similarly here, Plaintiff has failed to present sufficient tangible evidence of source code copying to survive summary judgment. Although the question of substantial similarity is typically left to the impressions of a fact finder, the *Creations Unlimited* decision contemplates that a fact-finder will have the opportunity to view the two works side-by-side. *King v. Ames*, 179 F.3d 370, 376 (5th Cir. 1999) (citing *Creations Unlimited*, 112 F.3d at 816). Putting aside the issue of whether Plaintiff may proceed to trial without an expert to opine on the "substantial similarity" of Plaintiff's code and Defendant's code and also assuming Plaintiff had presented sufficient evidence to create a genuine issue of material fact as to factual copying (which it has not), Plaintiff would still not be able to satisfy the requirement that the protected and alleged infringing code be compared side-to-side. As noted above, Plaintiff's copyrighted work is comprised of over 250 pages of technical source code. There is no evidence in the record as to the alleged infringing

---

[7] As the district court noted, when the plaintiff first filed its infringement suit, "it claimed only that HAL misappropriated nonliteral elements of CHAMPION PACKER, like its structure, sequence, and organization" but later broadened its claims to assert "HAL directly copied *source code* from CHAMPION." *Gen. Universal Sys.*, 379 F.3d at 146 (emphasis in original). The exhibits the plaintiff attached as evidence of source code copying, however, did not reflect the change in the nature of its claims. *Id*. The Fifth Circuit stated the plaintiff's "conclusory remark that the 'similarity of layout in the invoices. . . highlights the fact that the source code which generated both invoices is strikingly similar' [was] both factually questionable and legally insufficient to state a claim of source code copying." *Id.* at 147. The Fifth Circuit held the plaintiff should have supported its assertions with tangible references to the actual source codes "rather than with empty and conclusory statements." *Id.*

software or executable code which Meredith claimed he leased to Defendant. The Court finds Plaintiff's second objection without merit.

*Attorney's fees*

The Court agrees with the Magistrate Judge that Defendant's request for costs and attorney's fees (Dkt. #136-2) should be considered at the same time as the Surgical Notes Defendants' Proposed Bill of Costs and Brief in Support of an Award of Attorney Fees Pursuant to 17 U.S.C. § 505 (Dkt. #192). Within fourteen days from the date of entry of this Order, Defendant shall file a proposed bill of costs and brief in support of an award of attorney fees pursuant to 17 U.S.C. § 505. Plaintiff may file a response within the time prescribed by the Local Rules.

## **CONCLUSION**

The Court is of the opinion the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of the Court. The Court grants Defendant's motion for summary judgment as to Plaintiff's copyright infringement claim, leaving the contested issues of attorney's fees and costs.

Accordingly, it is hereby

**ORDERED** that Defendant MRI Centers of Texas, LLC's Motion for Summary Judgment and Request for Costs and Attorney's Fees (Dkt. #136-1) is **GRANTED**, and the objections of Plaintiff are **OVERRULED**. It is further

**ORDERED** that the Motion in Limine by MRI Centers of Texas, LLC (Dkt. #163) and the Motion in Limine by Virtual Chart Solutions I., Inc. (Dkt. #165) are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

**SIGNED this 20th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE