# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **VIRTUAL CHART SOLUTIONS I, INC.,** | § § | |
| Plaintiff, | § § | Civil Action No. 4:17-cv-00546-ALM |
| v. | § § | |
| **BRIAN LEE MEREDITH et al.,** | § § | |
| Defendants. | § § | |

# DECLARATION OF JAMES M. STANTON

I, James M. Stanton, do hereby declare as follows:

1. I am over the age of twenty-one (21) years and am fully competent to testify herein. I have knowledge of and am familiar with the facts set forth herein, all the facts and statements contained in this Declaration are based on my personal knowledge.

2. I am the founding attorney for Stanton LLP, counsel for Defendant MRI Centers of Texas, LLC ("MCT") in connection with the above-styled and numbered cause. Attorneys from Stanton LLP have worked on this matter, and their names are referenced in the billing statements attached to this Declaration and incorporated herein. Paralegals from Stanton LLP have also worked on this matter and, when their time entries appear on the statements, the work described required legal judgment that exceeded administrative assistance.

3. I graduated from Baylor University School of Law in 2002 and received my license from the State Bar of Texas the same year. After graduating law school, I began practicing as a civil trial attorney. From March 2009 to December 2010, I served as judge of the 134th Judicial District Court. Since then, I have continually practiced as a litigation and trial attorney and I am board certified in civil trial law by the Texas Board of Legal Specialization. I have attached my resume hereto as Exhibit 1A. I have also attached the resumes of the other attorneys whose time entries appear in the billing statements sought for reimbursement by MCT. *See* Exs. 1B (J. Richards, 1C (B. Fuqua).

4. I am experienced in and familiar with the work required in cases similar to the one at bar and with the fees charged by attorneys handling cases such as this one at or about the times relevant to this lawsuit. I have personal knowledge of the legal work performed on MCT's behalf in relation to this matter. In consideration of the foregoing, I am qualified to testify and have an opinion about the usual and customary, reasonable, and necessary fees for work of the nature performed in this case.

5. The hourly rates charged by Stanton LLP conform to the prevailing hourly rates in the community for similar work in my opinion. Based on my experience in this industry and having practiced for over 16 years in North Texas, I believe the rates charged by Ms. Richards and Mr. Fuqua, to whom I delegated most of the work in this case, are under market given their skill and level of experience. Where possible, legal work was performed by Mr. Brakebill, who recently graduated from law school and is awaiting results from the July 2019 Texas Bar Examination. When time entries appear on the attached billing statements for Ms. Ravandi, a paralegal, the work described legal judgment that exceeded administrative assistance.

6. The hours expended by Stanton LLP defending MCT against Plaintiff's copyright infringement claim were reasonable. As stated above, I delegated most of the work in this case to Ms. Richards and Mr. Fuqua due to their lower hourly rates. In total, Stanton LLP spent 491.5 hours attributable to defending the copyright claim from January 2018 to July 31, 2019, or approximately 30 hours per month.

7. Attached as Exhibit 2 are the redacted billing statements that Stanton LLP prepared for MCT. Time entries for fees and expenses not properly recoverable have been redacted. Stanton LLP represented MCT against Plaintiff's copyright and non-copyright claims. These fees were not segregated for the time entries indicated for the recoverable copyright fees and the non-recoverable non-copyright fees where they were sufficiently intertwined such that the same work would have been performed for which fees are requested even if Plaintiff had not brought the unrecoverable claims. For example, review, analysis, and production of MCT's source code was inextricably intertwined with both Plaintiff's copyright and trade secret misappropriation claims and the same work would have been performed if only the copyright claim had been asserted. Where entries are partially redacted, I have redacted attorney-client communication and/or attorney work product.

8. The total amount of attorneys' fees incurred in defending copyright claims against Plaintiff as of July 31, 2019, is $243,519.69. These fees are based on the number of hours these attorneys, other professionals, and paralegals (collectively "timekeepers") have spent—working on MCT's defense of Plaintiff's copyright claim multiplied by their applicable hourly rates. It is customary in this community to bill law clerks and paralegals separately on an hourly rate and not as part of overhead. The amount of time expended and the amount of attorneys' fees charged by Stanton LLP were reasonable, necessary, and proportionate to defend against Plaintiff's copyright claims. I am familiar with the calculation of the lodestar fee pursuant to *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and application of the twelve factors cited in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Particularly given the degree of success obtained, the attorneys' fees reflected in the attached billing statements are reasonable and do not require adjustment pursuant to the *Johnson* factors. In addition, Plaintiff's own actions in causing this case to be needlessly prolonged to the pre-trial conference stage while also filing several objections and "emergency" motions that lacked factual or legal support caused MCT to incur additional fees.

9. Attributable to the copyright infringement portion of this case, the reasonable hourly rates charged and hours expended by timekeeper are as follows:

| Timekeeper Name | Title | Hourly Rate | Hours | Fees |
|---|---|---|---|---|
| James M. Stanton | Partner | $975 | 13.6 | $13,260.00 |
| Jennifer S. Richards | Partner | $595 | 62.0 | $36,889.50 |
| Brandon A. Fuqua | Associate | $495 | 338.1 | $167,359.50 |
| Austin Brakebill | Law Clerk | $160 | 18.3 | $2,928.00 |
| Shirin Ravandi | Paralegal | $160 | 59.5 | $9,520.00 |
| | | | **TOTAL** | $229,957.00 |

10. Additionally, MCT incurred following recoverable costs of $13,562.69 pursuant to 17 U.S.C. § 505 and 28 U.S.C. § 1920: a deposition transcript, U.S. Copyright Office records, forensic imaging, and identifying and producing source code. MCT deposed Plaintiff's Vice President to show motivation in filing and pursuing this case, the purported valuation of Plaintiff's copyright and its business, and to rebut any testimony at trial. While the deposition was transcribed by means of both stenographer and videographer, MCT seeks reimbursement of the written transcript costs. The deposition transcript was necessary in this litigation in my opinion. The copyright records were the most cost effective and, to my knowledge, only means of obtaining copies of Plaintiff's correspondence with the U.S. Copyright Office in applying for its copyright that further demonstrated Plaintiff's motivation in obtaining the copyright (for purposes of filing this lawsuit) and Plaintiff's lack of clarity surrounding what it was actually copyrighting. Obtaining the copyright records were necessary in my opinion as part of MCT's defense. Forensic imaging of MCT's servers was also necessary in my opinion because Plaintiff claimed that MCT possessed and was using Plaintiff's copyrighted source code, but Plaintiff failed to define how and in what capacity MCT was using it. To comply with the Federal Rules of Civil Procedure, ascertain the scope and degree, if any, of MCT's alleged unauthorized copying and to preserve the electronically stored information in its original state, forensic imaging was the best and most effective means of obtaining the information necessary in this litigation. Moreover, I understand that MCT had a continued need for the use and custody of its servers, necessitating the forensic imaging of its servers so that its business was not further disrupted by this lawsuit.

11. In arriving at my opinions, I have considered a number of factors, including, without limitation, the relative success of the parties, time and labor required, actions of opposing counsel, the amount of money at issue, the difficulty of the issues presented, the complexity of the facts, preclusion from other employment, time constraints, and customary fees in similar matters.

12. In my opinion, the number of hours and the rates charged by the timekeepers are both reasonable and necessary for the work performed and were the direct result of defending MCT against Plaintiff's copyright infringement claim. As charges were incurred, I reviewed the billing statements for Stanton LLP's work on this case and deleted any charges I deemed to be unproductive or redundant.

13. Accordingly, reasonable and necessary attorneys' fees incurred in this matter as of July 31, 2019, is $229,957.00 in fees and $13,562.69 in taxable costs as of the date of this

declaration, and it would be appropriate to award these fees and expenses to MCT as well as fees, expenses, and compensation provided in statute is 17 U.S.C. 505, as well as any fees after July 31, 2019, to which Defendants are entitled.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 30, 2019

                                                     James M. Stanton

# EXHIBIT 1A

STANTON LLP     HOME     ABOUT     TEAM     PRACTICE AREAS     PROOF     ADVOCACY     CONTACT     SCHOLARSHIP

# James M. Stanton





> The lawyers and staff at Stanton LLP treat our clients like family. Judges respect them, opposing counsel fear them, and I am glad to have Stanton LLP on our side when we go to court.
>
> **Sean Modjarrad**
> Managing Shareholder
> Modjarrad Abusaad Said Law Firm

Work     972 233 2301
Fax       972 692 6812

jms@stantonllp.com

**Download VCard**
**Download Bio**

As a former judge, James Stanton knows how to persuade judges and juries to find for his clients. As the founder of a law firm, he also knows that you want to focus on running your business, not your lawsuit, which is why choosing a trusted advocate to speak for you in court matters.

Over the course of his career as an attorney and judge, James has handled over 60 jury trials, 40 bench trials, and thousands of hearings—which is why clients turn to him when they need solutions to difficult problems.

Before founding Stanton LLP, James served as presiding judge of the 134th Judicial District Court in Dallas County, Texas, and practiced in the trial departments at Andrews Kurth LLP and Cozen O'Connor PC. He is board certified in Civil Trial Law and Personal Injury Trial Law by the Texas Board of Legal Specialization.

James is an active member at The Grove Church where he sits on the Advisory Board and teaches the sixth grade Confirmation class. He also serves on the Board of Trustees for Uplift Education, and his four children - Alexandra, Luke, Eric and Caroline – attend an Uplift School.

**Education**

JD, Baylor Law School
- Baylor Law Review, Senior Executive Editor
- Louis Muldrow Jury Argument Award
- W. Frank Newton Law Review-Advocacy Award

BA, *magna cum laude*, University of Colorado at Colorado Springs

**Admissions**

Texas
Colorado (inactive)
US District Courts for the Northern, Eastern & Western Districts of Texas

**In the News**

- *What Judges Want: A Former Judge's Guide to Success in Court*, (Foreword by former Texas Supreme Court Justice Scott A. Brister) Texas Lawyer Books (August 30, 2012)

- *The Jury Rules*, (Co-Authored by Trey Cox, Foreword by United States District Judge W. Royal Furgeson, Jr.) (August 5, 2012)

- "How to Prevail at a Summary Judgment Hearing," *Texas Lawyer* (May 21, 2012)

VIEW MORE +

---

**Recognition**

- 2018 Young Baylor Lawyer of the Year
- Litigation Star by Benchmark Litigation
- Under 40 Hot List (2017) by Benchmark Litigation

VIEW MORE +

---

**Appointments**

- Appointed by **United States District Judge Ed Kinkeade** in *In re: DePuy Orthopaedics, Inc. Pinnacle Hip Implant Products Liability Litigation* pursuant to Federal Rule of Civil Procedure 53 to serve as court-appointed special master.

- Appointed by **Texas State District Judge Scott J. Becker** in *Sandy Golgart v. Phillip M. Pourchot, et al.*, pursuant to Texas Rule of Civil Procedure 171 to serve as court-appointed special master.

- Appointed by **Texas State District Judge Jill R. Willis** in *INX, LLC v. Lumenate, LLC et al.* pursuant to Texas Rule of Civil Procedure 171 to serve as court-appointed special master.

VIEW MORE +

---

**Presentations**

- "Discovery on Steroids: ESI, Privilege, Preservation, and Litigation Holds" presented at the 13th Annual Complex Litigation Symposium sponsored by the Louisiana State Bar Association with United States Magistrate Judge Arthur Boylan, Richard Bernardo, Jennifer M. Hoekstra, and Lawrence L. Jones, II (New Orleans, Louisiana; November 2013)

- "Remedies Other than Damages in Business Litigation: Injunctions and Constructive Trusts" presented at the Business Disputes Seminar sponsored by the State Bar of Texas with Michael P. Maslanka and Ryan G. Anderson (Dallas, Texas; September 2013).

- "The Increasing Scope and Role of Special Masters" presented at the Harris Martin MDL Conference with United States Circuit Judge Kathleen M. O'Malley, United States District Judge Ed Kinkeade, David Cohen and Patrick Juneau (Chicago, Illinois; May 2013).

VIEW MORE +

## Affiliations

- Former Judge, 134th District Court of Dallas County

- Former Justice, Tenth District Court of Appeals (appointed to consider a single case)

- Board Certified in Civil Trial Law and Personal Injury Trial Law by the Texas Board of Legal Specialization

VIEW MORE +

STANTON LLP

# EXHIBIT 1B

STANTON LLP

HOME    ABOUT    TEAM    PRACTICE AREAS    PROOF    ADVOCACY    CONTACT    SCHOLARSHIP

# Jennifer Salim Richards



 A total victory that exceeded the expectations set, while the costs remained in line with estimates. That's why we hire Stanton LLP when we go to court. 

**Russell J. Ramsland, Jr.**
Chief Financial Officer
BOKA Powell LLC

Work    214 996 0208
Fax     972 692 6812

jrichards@stantonllp.com

**Download VCard**
**Download Bio**

Jennifer Richards understands people. Raised by a social worker and a seasoned trial attorney in the small-town of Natchitoches, Louisiana, Jennifer learned two lessons that still define her today: solve problems by immediately identifying the root of the conflict, and resolve the conflict before a judge and jury. She's about straight talk, efficiency and problem solving. Clients want Jennifer in the boardroom when they make decisions that matter.

After graduating in the top of her class from both Texas Christian University and the Baylor University School of Law, Jennifer began her career as a law clerk to the Honorable Priscilla R. Owen of the United States Court of Appeals for the Fifth Circuit. She later practiced at an Am Law 100 firm in the trial department, where she was a member of bellwether trial teams in nationwide products liability litigation. Jennifer currently represents clients in all aspects of commercial disputes, from preliminary negotiations to jury trials and appeals.

Jennifer is married to Stewart Richards, a Dallas native and vice president of real estate for a private equity firm. When not cheering for the TCU Horned Frogs or traveling, Jennifer and Stewart enjoy riding horses, raising cattle, and hosting friends and family at their home for an authentic Italian meal from her grandmother's cookbook. Jennifer and Stewart have one son, Bennett, whose first word was "harse" - a solid cross between a horse and horned frog. The Richards are members of Highland Park United Methodist Church and Buckner Young Leaders.

**Education**

**Baylor University School of Law**
- Juris Doctor, *magna cum laude*
  - Baylor Law Review Board of Directors, Managing Senior Executive Editor
  - Matt "Mad Dog" Dawson Top Gun Mock Trial Champion
  - Mack Kidd Texas Administrative Law Moot Court Competition State Champion

**Texas Christian University**
- Bachelor of Science in Communication Studies, *summa cum laude*

**Admissions**

Texas
Illinois
U.S. District Courts for the Northern, Eastern & Western Districts of Texas
U.S. District Courts for the Northern District of Illinois

**Recognition**

- Texas Rising Star (2018, 2019)
- Dallas Women Lawyers Association Rising Raggio Award Recipient

# EXHIBIT 1C

