# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **VIRTUAL CHART SOLUTIONS I, INC.,** *Plaintiff*, v. **BRIAN LEE MEREDITH, et al.,** *Defendants*. | Civil Action No.: 4:17-cv-546 |

## PLAINTIFF VIRTUAL CHART SOLUTIONS I, INC.'S OBJECTIONS TO MAGISTRATE COURT'S REPORT AND RECOMMENDATION

Plaintiff Virtual Chart Solutions I, Inc. ("VCSI") respectfully files this Objection to the Magistrate Judge's Report and Recommendation on Attorneys' Fees [Doc.# 214], and would respectfully show this Court:

Defendants MRI Centers of Texas, LLC ("MCT") and the Surgical Notes Defendants ("Surgical Notes") requested attorneys' fees and costs as "prevailing parties." Plaintiff respectfully submits that the arguments raised in its original briefing are correct, and incorporates same as if fully set forth herein. Plaintiff addresses the key infection points in the Report and Recommendation ("R&R"):

*First*, Surgical Notes should not be considered the prevailing party precisely because its success was only predicated on Plaintiff's decision to abandon the action against Surgical Notes for practical reasons. The R&R correctly states that the prevailing party is one who wins via "judicial imprimatur," and noting that "[t]he [Supreme] Court has explained that, when a plaintiff secures an 'enforceable judgmen[t] on the merits' or a 'court-ordered consent decre[e],' that plaintiff is the prevailing party because he has received a 'judicially sanctioned change in the legal

relationship of the parties.'" R&R at 13 (citing *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646, 194 L. Ed. 2d 707 (2016) (citations omitted)). The R&R, however, then contends that a judicial decision on the merits is not required. *Id.* For that proposition, the R&R cites *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 678 (Fed. Cir. 2019). In *Facebook*, the Supreme Court determined that Facebook was the "prevailing party" even though the court had not made a determination on the merits. Following other courts who found that a decision on the merits was not required when the court had dismissed cases for lack of standing and for lack of satisfaction of pre-suit requisites, among others, *Facebook* held that a decision by the USPTO that gutted the claim, which led to the Court dismissing the action for *mootness*, likewise gave grounds for finding that the defendant was the prevailing party. *See* 940 F.3d at 679. Notably, the dismissal in *Facebook*, as it was in all the cases cited by *Facebook*, was pursuant to an opposed motion by the defendant that was then granted by the court. Here, the circumstances are entirely different. Surgical Notes was not dismissed pursuant to a motion it filed, and there is no order of dismissal for any reason or defense raised by Surgical Notes that could liken this case to the facts in *Facebook*. Furthermore, that Plaintiff was willing to dismiss the claims without prejudice should not be grounds, here, for the finding of a prevailing party when the dismissal with prejudice was not pursuant to a motion brought by Surgical Notes but by *agreement of the parties*. None of the cases cited by Surgical Notes or by the R&R reflect these facts. Accordingly, we respectfully object to the R&R's finding that Surgical Notes was a prevailing party.

**_Second_**, the R&R essentially found that Plaintiff's case against MCT lacked factual support because this Court found at summary judgment that no evidence of factual copying had been presented. *See* R&R at 21. The R&R further suggests that "[o]nce it became clear Plaintiff could not establish a prima facie case for copyright infringement because it failed to designate its expert

by the deadline, Plaintiff's litigating position bordered on being objectively unreasonable." *Id*. Both of these statements are incorrect bases for the relief the R&R recommends. The law is plain that the determination of whether attorneys' fees should be awarded is to look at the basis for the claim *at the time the suit was filed*. *See Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 381-82 (5th Cir. 2004) (affirming denial of fees to prevailing plaintiff where district court did not find "that this litigation was frivolous, objectively unreasonable, or without proper motive" even though claims were ultimately unsuccessful). Therefore, even it had been the case that Plaintiff realized its claim was wrong after discovery began, that is still not a basis for finding that the case was brought without merit. Furthermore, the R&R's suggestion that the reason an expert was not designated by the deadline is due to lack of faith in the case against MCT is belied by the record in this case. Specifically, MCT had not even produced its code by the June 1, 2018 deadline for experts to be designated. This was recounted—and never contradicted—in the *joint* motion to move the schedule to accommodate that fact. *See* Doc.# 120 at p. 2. Nothing in the record remotely suggests that the reason why Plaintiff did not submit an expert was because it lacked faith in its claims against MCT. Therefore, Plaintiff respectfully objects to the R&R's finding that Plaintiff brought a case that was objectively unreasonable or was without merit or frivolous. The record does not support such a finding when evaluated from the proper vantage point.

**_Third_**, the R&R suggests that there was malicious intent and bad faith in bringing the lawsuit because "Plaintiff refus[ed] to view source code" after the Surgical Notes made an offer of judgment and due to personal animus by Plaintiff's owner against MCT's owner. *See* R&R at pp. 23-25. The R&R conclusively states that these actions constitute "improper motive." However, as already set forth, Plaintiff did not refuse to view the source code offered by Surgical Notes –

rather, Plaintiff viewed the aource code in the Summer of 2018, then offered to settle the case in September 2018, and it was Surgical Notes who dragged it out for months solely on the issue of attorneys' fees—even though in the interim they cited no specific attorneys' fees their lawyers incurred on their behalf; rather, as Plaintiff argued in its Response to Surgical Notes's request for fees and costs, Surgical Notes had hired the same lawyers as Brian Meredith, and they cited to the fees *he* incurred in the interim, and they indeed sought to be awarded those fees and were awarded them, which is error. Furthermore, if Surgical Notes wanted to enforce their rights on the offer of judgment under the federal rules, they could have, but did not.

Additionally, MCT's suggestion of personal animus is unfounded, and the R&R's acceptance of the premise is surprising:

- The R&R finds that VCSI being out of business (it was the licensing arm of an operating company) is evidence of animus—but how can this be? MCT put VCSI out of business by stealing the software code anti-competitively, among other things, and that somehow is evidence of "bad faith."[1]

- The R&R cites John Shields's testimony—that he has no relationship "worth speaking of" with his half-brother [who owns MCT]—as a basis for "personal animus" leading to bad faith and attorneys' fees. The reasoning from the evidence of estrangement to the conclusion that VCSI acted in bad faith (when John Shields does not even own VCSI nor is there any evidence that he made the decision to file suit) finds no support in any case law.

- The R&R suggests that VCSI's filing of a copyright over its software after learning of the infringement is somehow bad faith. Plaintiff could find no case—and nether the Defendants nor the R&R cited a case—that has held that filing for one's copyright after learning of infringement is an example of bad faith.

The principal case cited by the R&R is *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357-

---

[1] We believe this point may have been included because of the line of reasoning in *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357-58 (S.D.N.Y. 2006), where the *defendant* stopped selling the allegedly infringing product, e.g., as evidence that a lawsuit was not necessary because the defendant no longer infringed and offered to settle. Here, however, there is no such evidence. MCT did not stop infringing, and it never offered to settle. Surgical Notes offered to demonstrate its lack of infringement, and that offer was accepted.

58 (S.D.N.Y. 2006). However, there, the court found evidence that the plaintiff had been offered full damages and refused because it believed there were "a lot of *STUPID,* obstinate, deep pocketed" defendants, and the promise of publicity. *Id*. There was also proof positive of objectively false allegations in the Complaint that the plaintiff in *Baker* knew of. *Id.* There is no such evidence here—nothing even comes close. What bad faith really was supposed to mean was evidence that the plaintiff knowingly brought a case without merit. *Compare id. to Lieb v. Topstone Indus.,* 788 F.2d 151, 156-57 (3d Cir. 1986). This jibes with the mantra that the first element—whether the case was objectively unreasonable when brought—and builds upon that. *Id.* Therefore, Plaintiff respectfully objects to the R&R's finding that Plaintiff brought the case in bad faith.

*__Fourth__*, the law is clear that deterrence is only necessary where the facts show that the plaintiff brought an objectively unreasonable action—otherwise, deterrence and fees are unnecessary. *Accord Armour v. Knowles*, No. H-05-2407, 2006 U.S. Dist. LEXIS 81366, at *4 (S.D. Tex., Nov. 7, 2006) (although a side-by-side comparison of the works established that they were not substantially similar as a matter of law, the plaintiff's claims were not objectively unreasonable); *Medforms, Inc. v. Healthcare Mgmt. Sols., Inc.,* 290 F.3d 98, 117 (2d Cir. 2002) (finding defendant's attorneys' fees request properly denied because plaintiff's copyright claims were not objectively unreasonable); *Donald Frederick Evans & Assocs. v. Cont'l Homes, Inc.*, 785 F.2d 897, 916 (11th Cir. 1986) (noting that prevailing defendant's fee request could be denied where "the losing party's good faith and the complexity of the legal issues 'likely would justify a *denial* of fees' to a prevailing party") (citation omitted) (emphasis in original). Here, the R&R argues that whether Plaintiff brought objectively unreasonable claims is a close call, noting that it only weighed "slightly" in favor of awarding fees. R&R at 22. Awarding fees in such close calls will have the effect of chilling protection of copyrights—which is the antithesis of the spirit of the

fee shifting statute.

***Fifth,*** Plaintiff respectfully disagrees with the degree and quantum of the fee awarded. While the R&R correctly noted that the rates charged by certain persons were exorbitant, Plaintiff points out a stark irony—the R&R contends on the one hand that Plaintiff "did nothing" for a period of time in the case, and yet awards nearly a half million dollars in attorneys' fees to Defendants. Either it is the case that they did nothing, in which case Defendants' requested fees should be met with stark scrutiny, or the mantra—which is not true—that Plaintiff "did nothing for a year" in the case should be revised to reflect the record. Plaintiff further renews its objections to the requested fees, specifically:

- Surgical Notes provided no color and no basis from which to determine the propriety of the billings.

- Surgical Notes should not recover its fees for time spent on the matter on behalf of their co-defendant, Brian Meredith, *who settled*, even though Surgical Notes apparently paid his legal bills.

- MCT should not recover and be rewarded for delaying production of its source code.

- MCT should not recover its attorneys' fees for its litigation in state court.

In summary, the Court should only award those costs and fees allowable under Rule 54 and 28 U.S.C. § 1920. Defendants seek costs from an entirely different lawsuit, and seek thousands of dollars for costs for which neither has presented any evidence that they were reasonable costs. Plaintiff respectfully objects to the R&R's award of such costs—for example, hundreds or thousands of dollars for copying without specifying what those copy charges were for. They are not recoverable if they were merely for the convenience of counsel or the party or for an entirely separate lawsuit. *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991) (remanding to court for recalculation of deposition costs which were not demonstrated to be "necessary" for the case

and provision of itemization of copying costs to determine which were "necessary"); *Kellogg Brown & Root Int'l v. Altanmia Commer. Mktg. Co.*, No. H-07-2684, 2009 U.S. Dist. LEXIS 44137, at **20-21 (S.D. Tex. 2009). ("KBR provided the copy rate and number of documents copied, as well as a spreadsheet showing the number of copies made on each date. There is no further description of what was copied or why. The spreadsheet merely states 'Expense' and 'Reproduction' on each and every line").

***Finally***, Plaintiff respectfully re-urges the Court to consider the fact that this is not the type of case that qualifies for fee shifting. As set forth in Plaintiff's briefing on the issue, the key element is whether there was objective unreasonableness to bring the claim *at the time it was brought*. Here, the claim was brought when Brian Meredith admitted he had given a copy of the software to MCT and was working on functionally identical software for Surgical Notes. The evidence supports this admission outright and there is no evidence in the record to contradict it. As the evidence presented in the primary briefing shows, Plaintiff had every good faith reason to believe that MCT had breached its copyright—Brian Meredith had testified that he *gave* an exact copy of the software to MCT to use. Shields testified that the basis for believing Surgical Notes breached was that Brian Meredith was also working there at the time, and they were offering functionally identical software. These facts have never been rebutted. Plaintiff incorporates its prior positions for the sake of brevity and respectfully objects to the R&R's award of attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny attorneys' fees and costs.

Dated: January 27, 2020                    Respectfully submitted,

                                                                   **SBAITI & COMPANY PLLC**

                                                                   */s/ Mazin A. Sbaiti*
                                                                   Mazin A. Sbaiti
                                                                   Tex. Bar No. 24058096
                                                                   J.P. Morgan Chase Tower
                                                                   2200 Ross Avenue, Suite 4900W
                                                                   Dallas, Texas 75201
                                                                   T: (214) 432-2899
                                                                   F: (214) 853-4367
                                                                   E: MAS@SbaitiLaw.com

                                                                   **ATTORNEYS FOR PLAINTIFF**