# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| VIRTUAL CHART SOLUTIONS I, INC. § | | |
| Plaintiff § | | |
| § | | |
| V. § | | Civil Action No. 4:17cv546 |
| § | | Judge Mazzant/Magistrate Judge Craven |
| BRIAN LEE MEREDITH, ET AL. § | | |
| Defendants § | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. On January 13, 2020, the Magistrate Judge issued a Report and Recommendation, recommending the Surgical Notes Defendants' Proposed Bill of Costs and Brief in Support of an Award of Attorney Fees Pursuant to 17 U.S.C. § 505 (Dkt. #192) and Defendant MRI Centers of Texas, LLC's Proposed Bill of Costs and Brief in Support of Award of Attorney's Fees (Dkt. #208**)** be **GRANTED** as modified in the Report and Recommendation. Specifically, the Magistrate Judge recommended the Surgical Notes Defendants and Defendant MRI Centers of Texas, LLC be awarded attorneys' fees (but not in the full amounts requested) and also be awarded the full amount of costs requested. Plaintiff Virtual Chart Solutions I, Inc. ("Plaintiff") filed objections to the Report and Recommendation. Defendants filed responses to the objections. The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

### *Factual background*

In its Second Amended Complaint, Plaintiff alleged copyright infringement, inducement to

infringe copyright, contributory copyright infringement, vicarious copyright infringement, breach of fiduciary duty, breach of contract, misappropriation of trade secrets, unfair competition, and accounting against the following defendants: (1) Brian Lee Meredith; Tracie Dawn Davis; Virtual Chart Network, LLC; virtualasc.com (d.b.a. myPIcase.com); Virtual Chart Solutions, LLC; and Lone Star VCS, LLC (the "Meredith Defendants");[1] (2) Surgical Notes, Inc.; Surgical Notes MDP, LP; Surgical Notes GP, LLC; and Surgical Notes RCM, LLC (the "Surgical Notes Defendants"); and (3) MRI Centers of Texas, LLC ("MCT").

Plaintiff alleged it employed Brian Meredith from May 2013 until February 19, 2015. (Dkt. # 92, ¶¶ 19, 21, 64). According to Plaintiff, on August 30, 2013, Meredith entered into two agreements with Plaintiff wherein Meredith assigned all existing intellectual property rights he possessed to Plaintiff, including his rights to software and all related methods. *Id.*, ¶¶ 24, 37, 49. Plaintiff alleged Meredith failed to maintain the confidentiality of Plaintiff's trade secret and proprietary information and provided said information, along with the identity of Plaintiff's customers/clients, to MCT for his own benefit and to the benefit of MCT. *Id.*, ¶ 292.

Plaintiff alleged a single claim for copyright infringement against the Surgical Notes Defendants. *See id.*, ¶¶ 192 – 210. Additionally, and all related to Plaintiff's allegations of copyright infringement, Plaintiff made general allegations against "Defendants" that were rooted in its copyright allegations (trade secret theft, unfair competition, and imposition of a constructive trust, and accounting), though no allegations of trade secret theft or unfair competition were specifically pleaded against the Surgical Notes Defendants. *See, e.g., id.*, ¶¶ 290 – 316.

---

[1] On March 1, 2019, the Court entered an Order of Dismissal, dismissing with prejudice Plaintiff's claims against the Meredith Defendants. (Dkt. #172).

2

*Procedural background*

On July 16, 2018, Defendant MCT filed its first motion for summary judgment, arguing Plaintiff's claims for trade secret misappropriation, unfair competition, and for statutory damages or attorney's fees in its copyright claims should be dismissed. (Dkt. #114). In its response, Plaintiff dismissed without prejudice the unfair competition claims and claims for statutory damages and attorneys' fees under the Copyright Act, leaving only the trade secret misappropriation claim the subject of MCT's first motion for summary judgment. (Dkt. #121 at p. 3). The Magistrate Judge entered a Report and Recommendation on MCT's first motion for summary judgment on January 2, 2019, recommending the motion be granted and Plaintiff's trade secret misappropriation claim be dismissed with prejudice. (Dkt. #138). The Court adopted the Report and Recommendation on February 5, 2019, leaving only Plaintiff's copyright infringement claim against MCT.(Dkt. #149).

On December 13, 2018, MCT filed a motion for leave to file a second motion for summary judgment, asserting Plaintiff's copyright infringement claim should be dismissed. (Dkt. #135). Because the motion was filed outside the dispositive motion deadline, the Magistrate Judge denied MCT's motion. (Dkt. #143). However, during the Final Pretrial Conference before the undersigned on March 8, 2019, the Court reinstated MCT's second motion for summary judgment (Dkt. #136) for the Magistrate Judge to consider.

Meanwhile, on January 28, 2019, Plaintiff filed a partially unopposed motion seeking to dismiss the Surgical Notes Defendants under Federal Rule of Civil Procedure 41(a)(2) with prejudice, with all parties bearing costs and fees incurred by same. According to the motion, the Surgical Notes Defendants had indicated they did not oppose the dismissal, but they did oppose the part of the motion allocating costs and fees. (Dkt. #146). In their response, the Surgical Notes

Defendants did not oppose dismissal with prejudice, but argued Plaintiff's dismissal did not support a denial of attorney's fees "where, as here, no basis in law or in fact exists for Plaintiff's initial filing of the case." (Dkt. #166 at p. 2). The Surgical Notes Defendants requested the Court "not reward Plaintiff's failure to properly investigate and prosecute its claims against Surgical Notes, especially in light of the fee-shifting provision of 17 U.S.C. § 505, as well as Plaintiff's lack of meaningful pursuit of the truth in this case." *Id*. at p. 3.

On March 1, 2019, the undersigned entered an Order of Dismissal of Surgical Notes Defendants. (Dkt. #176). In that order, the Court granted Plaintiff's motion to dismiss the Surgical Notes Defendants with prejudice, reserving the issue of whether the Surgical Notes Defendants are entitled to attorneys' fees, and if so, in what amount. The Court stated it would allow the Surgical Notes Defendants to file a proposed bill of costs pursuant to the Court's Local Rule CV-54.

On March 29, 2019, the Surgical Notes Defendants filed their Proposed Bill of Costs and Brief in Support, requesting fees and costs in the total amount of $ 162,810.60. (Dkt. #192 at p. 12). In support of the reasonable number of hours expended by Surgical Notes' counsel, as well as the reasonable hourly rates, the Surgical Notes Defendants offered the declaration of Rocky Schwartz, with attorney invoices and time records attached.

On June 17, 2019, the Magistrate Judge recommended Defendant MCT's reinstated motion for summary judgment be granted and that Plaintiff's copyright infringement claims against MCT be dismissed with prejudice. (Dkt. #203). The Magistrate Judge did not make a recommendation as to MCT's request for costs and attorney's fees, stating the issue should be addressed following the undersigned's consideration of the June 17, 2019 Report and Recommendation and at the same time as the Surgical Notes Defendants' Proposed Bill of Costs and Brief in Support of an Award of

4

Attorney Fees Pursuant to 17 U.S.C. § 505. *Id*. at p. 23, n. 5.

The Court adopted the findings and conclusions of the Magistrate Judge on August 20, 2019, granting MCT's motion for summary judgment as to Plaintiff's copyright infringement claim and leaving the contested issue of attorney's fees. (Dkt. #207). The undersigned instructed MCT to file a proposed bill of costs and brief in support of an award of attorney's fees pursuant to 17 U.S.C. § 505, for consideration at the same time as the Surgical Notes Defendants' proposed bill of costs. *Id.* at p. 18.

On August 30, 2019, MCT filed its Proposed Bill of Costs and Brief in Support, requesting an award of costs and fees in the amount of $243,519.69. In support of the reasonable number of hours expended by MCT's counsel, as well as the reasonable hourly rates, MCT offered the declaration of James M. Stanton, with attorney invoices and time records attached. Specifically, MCT submitted eleven exhibits comprising 338 pages. (Dkt. #208).

## REPORT AND RECOMMENDATION

On January 13, 2020, the Magistrate Judge issued a 48-page Report and Recommendation ("R&R"), concluding an award of attorneys' fees is warranted in this case. After setting forth the applicable law in detail and concluding the Surgical Notes Defendants and MCT are prevailing parties (R&R at pp. 10-16), the Magistrate Judge considered whether MCT and/or the Surgical Notes Defendants are entitled to attorneys' fees and costs, looking to each of the relevant factors to determine whether attorneys' fees should be awarded in this copyright infringement case. R&R at p. 16. The Magistrate Judge found that each of the factors, including the additional factor of the procedural history of this case, weighs in favor of awarding fees. Specifically, the Magistrate Judge recommended the Court award the Surgical Notes Defendants and Defendant MCT attorneys' fees

5

(but not in the full amounts requested) and also the full amount of costs requested.

## OBJECTIONS

In its objections, Plaintiff asserts the following six arguments: (1) Surgical Notes should not be considered a prevailing party; (2) the record does not support a finding that Plaintiff brought a case against MCT that was objectively unreasonable, without merit, or frivolous; (3) the Report's suggestion that there was bad faith or personal animus toward MCT is unfounded; (4) awarding fees in a close call such as this one would have the effect of chilling protection of copyrights, which is the antithesis of the fee shifting statute; (5) Plaintiff disagrees with the "degree and quantum of the fee awarded," asserting Defendants seek costs from "an entirely different lawsuit, and seek thousands of dollars for costs for which neither has presented any evidence that they were reasonable costs;" and (6) the key element is whether there was objective unreasonableness to bring the claim at the time it was brought, and Plaintiff asserts it had "every good faith reason to believe that MCT had breached its copyright" based on Meredith's testimony that he gave a copy of the software to MCT to use. (Dkt. #215).

## APPLICABLE LAW

The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. The court may "award a reasonable attorney's fee to the prevailing party as part of the costs." *Id.* Section 505 grants district courts "broad leeway" in considering motions for attorney's fees. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). However, courts must employ a case-by-case analysis and encourage meritorious defenses to the same extent they encourage meritorious copyright claims. *Fogerty*, 510 U.S. at 518.

In considering whether to award attorney's fees under § 505, a district court may consider a nonexclusive list of factors, which include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Int'l Inst. of Mgmt. v. Org. for Econ. Cooperation & Dev.*, No. 2:18-cv-01748-JCM-GWF, 2019 WL 5578485, at *2 (D. Nev. Oct. 29, 2019) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014); also citing *Fogerty*, 510 U.S. at 539 n. 19). A district court should give substantial weight to the objective reasonableness factor. *Kirtsaeng*, 136 S. Ct. at 1988.

## *DE NOVO* REVIEW

The Copyright Act permits courts to award attorneys' fees to a "prevailing party." 17 U.S.C. § 505. Plaintiff's first objection is to the Magistrate Judge's finding that Surgical Notes was a "prevailing party." Plaintiff argues the Court's dismissal with prejudice of Surgical Notes was not pursuant to a motion brought by Surgical Notes but by agreement of the parties. According to Plaintiff, Surgical Notes should not be considered a prevailing party precisely because its success was only predicated on Plaintiff's decision to abandon the action against Surgical Notes for practical reasons.

In their response to the objections, the Surgical Notes Defendants first assert this objection "ignores the Court's finding in the Order of Dismissal of Surgical Notes Defendants (Dkt. 176)." (Dkt. #216 at p. 1). The Surgical Notes Defendants further assert Plaintiff's proffer of dismissal demanded that Surgical Notes agree to same on condition that Surgical Notes waive its attorneys' fees claim—which Surgical Notes was unwilling to do. Surgical Notes argues judicial action was therefore required to accomplish the dismissal because Plaintiff demanded a condition on the

7

dismissal with which Surgical Notes did not concur.

In its March 1, 2019 Order of Dismissal of Surgical Notes Defendants, the Court noted "the Fifth Circuit has held a defendant who is on the receiving end of a voluntary dismissal with prejudice is a 'prevailing party' entitled to costs under Federal Rule of Civil Procedure 54." (Dkt. #176 at p. 7) (citations omitted). The Court granted Plaintiff's motion to dismiss the Surgical Notes Defendants with prejudice, noting the Surgical Notes Defendants had requested their attorneys' fees as prevailing parties pursuant to 17 U.S.C. § 505. *Id.* at p. 10. Although the Court reserved for a later date the contested issues of attorneys' fees, the Court specifically stated the Surgical Notes Defendants are prevailing parties entitled to costs. *Id.* at pp. 10-12. In considering the Surgical Notes Defendants' proposed bill of costs and brief in support of attorneys' fees, the Magistrate Judge noted Plaintiff disputed that Surgical Notes is a prevailing party and then addressed the issue at length. R&R at pp. 12-15.

As set forth in detail by the Magistrate Judge, a merits decision is not a prerequisite to a finding of prevailing party status. *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1651 (2016); *see also id.* at 1646 (finding "[t]here is no indication that Congress intended that defendants should be eligible to recover attorney's fees only when courts dispose of claims on the merits"). As the Supreme Court noted in *CRST*, a defendant has attained prevailing party status and "fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *Int'l Inst. of Mgmt.*, 2019 WL 5578485, at *2 (quoting *CRST*, 136 S. Ct. at 1651).

The Magistrate Judge concluded "the Surgical Notes Defendants are prevailing parties for purposes of § 505 because the dismissal of Plaintiff's claims with prejudice pursuant to Rule

8

41(a)(2), on terms the Court considered proper, rebuffed Plaintiff's copyright infringement claims. . . ." R&R at pp. 15-16. The Court agrees the Surgical Notes Defendants are prevailing parties. *See Stragent L.L.C. v. BMW of N. Am., L.L.C.*, No. 6:16-cv-446-RWS-KNM, 2019 WL 3315460, at *4 n. 7 (E.D. Tex. June 10, 2019), *report and recommendation adopted*, No. 6:16-CV-446-RWS-KNM, 2019 WL 3304703 (E.D. Tex. July 23, 2019) (noting in a patent infringement case that a dismissal with prejudice under Rule 41(a)(2) is necessary to confer prevailing party status under Federal Circuit precedent).

Plaintiff also objects to the Magistrate Judge's analysis of the relevant factors in reaching the determination to award attorneys' fees. As noted by the Magistrate Judge, although there is no precise formula for determining whether to award attorneys' fees, equitable discretion should be exercised by giving weight to the four *Fogerty* factors (objective unreasonableness, frivolousness, motivation, and need for compensation and deterrence) as well as the totality of the circumstances. R&R at pp. 6-8. The Magistrate Judge found that each of the factors, including the additional factor of the procedural history of this case, weighs in favor of awarding fees.

"[W]hen a person (again, whether plaintiff or defendant) has an unreasonable litigating position, the likelihood that he will have to pay two sets of fees discourages legal action." *Kirtsaeng*, 136 S. Ct. at 1986-87. "In deciding any case, a judge cannot help but consider the strength and weakness of each side's arguments." *Id*. at 1987. "[F]rivolity or bad faith is not required; rather, the prevailing party need only show that its opponent's copyright claims or defenses were 'objectively weak.'" R&R at p. 20 (citations omitted). "When the prevailing party is a defendant who receives no award, the presumption in favor of awarding fees in usually strong." *Hacienda Records, LP v. Ramos*, No. 2:14-CV-19, 2019 WL 93306, at *5 (S.D. Tex. Jan. 3, 2019) (citing *Klinger v. Conan*

9

*Doyle Estate, Ltd.*, 761 F.3d 789, 791 (7th Cir. 2014)); *see also Diamond Star Building Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir.1994). "For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from exercising his rights." *Assessment Techs. of WI, L.L.C. v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004).

As to the first two *Fogerty* factors, the Report found that Plaintiff's copyright claim was objectively unreasonable and frivolous after considering that Plaintiff failed to offer any evidence to establish a *prima facie* case and made "objectively weak" arguments that it could nevertheless prevail. R&R at pp. 16-22. In concluding the "objectively weak" standard was met, the Magistrate Judge considered, among other things, that "there was no evidence offered to support elements of Plaintiff's copyright claim" and "Plaintiff's position lacked legal support because Plaintiff's argument had already been considered and rejected by the Fifth Circuit." R&R at p. 21. The Court finds these findings are sufficient to show the objective weakness of Plaintiff's case.

As urged by MCT, Plaintiff does not contest the Report's finding as to these two factors by citing to evidence or distinguishing precedent. Instead, Plaintiff's second and last objections assert the Magistrate Judge should have determined whether Plaintiff's claim was objectively unreasonable and frivolous "at the time the suit was filed" in August 2017 "rather than evaluating Plaintiff's conduct, argument, and proffered evidence (or lack thereof)" after the more than two years this case has been pending. (Dkt. #217 at pp. 2-3). Plaintiff cites *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, for this proposition, but that case does not address when to correctly assess objective unreasonableness or frivolousness. 394 F.3d 357, 382 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

MCT points out that dicta from that case supports MCT's argument. (Dkt. #217 at p. 3). The

10

Court agrees. In *Positive Black Talk*, the Fifth Circuit rejected the defendants' claim that the district court applied the wrong legal standard when it determined the relevant factors suggested attorney's fees should not be awarded to the defendants. *Positive Black Talk,* 394 F.3d at 382. The Fifth Circuit stated the district court, in making its determination, gained an understanding of the plaintiff's claims "after presiding over [a] five day trial" and considering "several complex and potentially dispositive pre-trial motions," after which it reached the conclusion that the claims were not objectively unreasonable or frivolous. *See id.* Likewise, the Supreme Court indicated in *Kirtsaeng v. John Wiley & Sons, Inc.* that a reasonable time to decide whether a claim is objectively unreasonable is after a "district court [] has ruled on the merits of the copyright claim. . . ." 136 S. Ct. at 1987. The Court finds the Magistrate Judge properly determined objective unreasonableness and frivolousness.

Although such objective weakness weighs heavily in favor of a fee award, other factors are to be considered as well, including "motivation." *See Kirtsaeng*, 136 S. Ct. at 1985 (citing *Fogerty*, 510 U.S. at 534 n.19). In addition to noting Plaintiff's refusal to engage in discovery or to accept the Surgical Notes Defendants' invitation to view source code, the Magistrate Judge also noted the deemed admissions by Plaintiff. R&R at pp. 22-23. Regarding MCT, the Magistrate Judge noted MCT's contentions that Plaintiff pursued this case to interfere with MCT's business, to cause MCT to incur needless legal expenses, and to extract settlement. *Id*. at p. 23. The Magistrate Judge also noted Plaintiff's inaction in this lawsuit and the evidence presented by MCT of personal animus by Plaintiff's officers toward MCT's president. *Id*. at pp. 23-24. Finally, the Magistrate Judge noted there was evidence that Plaintiff had stopped operating as a business since before this lawsuit was filed. *Id.* at p. 24. The Magistrate Judge concluded Plaintiff appears to have acted with improper motivation (or bad faith conduct). *Id.* at p. 25.

Plaintiff's third objection takes issue with this conclusion, asserting it did not refuse to view the source code offered by Surgical Notes and further arguing MCT's suggestion of personal animus is unfounded. (Dkt. #215 at pp. 3-4). As pointed out by MCT, Plaintiff does not object to the assessment of its litigation conduct. (Dkt. #217 at pp. 3-4). The Court agrees with MCT that a finding of improper motivation could be founded on this evidence alone. The Court also agrees with the Surgical Notes Defendants that the deemed admissions show improper motive on their face and further support the Magistrate Judge's conclusion as to this factor.

Another *Fogerty* factor is "the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1985 (quoting *Fogerty*, 510 U.S. at 534, n.19). The Magistrate Judge found compensation and deterrence factors weigh in favor of granting attorneys' fees. R&R at p. 26. Plaintiff argues in its fourth objection that awarding fees in this case will have the "effect of chilling protection of copyrights." (Dkt. #215 at p. 5). The Court disagrees. The Magistrate Judge properly evaluated the need for compensation to Defendants under the circumstances involved in this case. The Magistrate Judge referenced the *Spear Marketing* decision, wherein the court noted the plaintiff's lawsuit "had numerous flaws in substance and execution that it did not seek to redress," and found this type of suit and conduct should be deterred. R&R at p. 26 (citing *Spear Mktg., Inc. v. Bancorpsouth Bank*, No. 3:12-CV-3583-B, 2016 WL 193586, at *8 (N.D. Tex. Jan. 14, 2016), *aff'd*, 844 F.3d 464 (5th Cir. 2016)). The Court agrees with the Magistrate Judge that awarding fees in this instance will accomplish this deterrence.

Finally, both *Kirtsaeng* and *Fogerty* allow for consideration of other factors. As explained by the Supreme Court:

. . . a court may order fee-shifting because of a party's litigation misconduct,

whatever the reasonableness of his claims or defenses. . . . Or a court may do so to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case. . . . Although objective reasonableness carries significant weight, courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals.

*Kirtsaeng*, 136 S. Ct at 1988–89.

Here, the Magistrate Judge held the procedural history of this case further indicates a fee award is appropriate, concluding as follows:

> Plaintiff took no action for almost a year after initiating this suit, failed to offer expert testimony by the deadline, did not diligently seek to revive or extend its deadline, did not produce a legible copy of its own copyrighted work, did not take a single deposition, and did not take steps to obtain sufficient evidence to meet its burden. Regarding Surgical Notes, Plaintiff failed to engage in discovery and ignored an offer of judgment, requiring Surgical Notes to prolong its defense. This weighs in favor of an award of attorneys' fees. *See SortiumUSA, LLC v. Hunger*, No. 3:11-CV-1656-M, 2015 WL 179025, at *3 (N.D. Tex. Jan. 14, 2015) (finding that the continued assertion of meritless claims warranted fee award).

R&R at p. 27.

As noted, the Supreme Court has held that "§505 grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." *Kirtsaeng*, 136 S. Ct. at 1985. "[E]quitable discretion should be exercised in light of the considerations we have identified." *Positive Black Talk*, 394 F.3d at 381 (quoting *Fogerty*, 510 U.S. at 534). Here, the Magistrate Judge properly considered all the factors referenced in *Kirtsaeng* and *Fogerty*, as well as the added consideration of the procedural history, concluding they support awarding fees to Defendants. Plaintiff's objections do not demonstrate any abuse of that "wide latitude" or "equitable discretion." Therefore, the objections are overruled.

In Plaintiff's fifth objection, Plaintiff disagrees with the "degree and quantum of the fee

13

award." (Dkt. #215 at p. 6). Despite the Magistrate Judge's extensive analysis, which in fact resulted in deduction from the fees requested by the Surgical Notes Defendants and MCT, Plaintiff argues the fee award was not properly calculated. Specifically, Plaintiff objects to the recommended award as follows:

- Surgical Notes provided no color and no basis from which to determine the propriety of the billings.

- Surgical Notes should not recover its fees for time spent on the matter on behalf of their co-defendant, Brian Meredith, who settled, even though Surgical Notes apparently paid his legal bills.

- MCT should not recover and be rewarded for delaying production of its source code.

- MCT should not recover its attorneys' fees for its litigation in state court.

*Id.*

The Magistrate Judge spent almost eight pages evaluating the fees claimed by Surgical Notes. Without any specific clarification or application to the award, Plaintiff argues Surgical Notes provided no basis from which to determine the propriety of the billings. Regarding payment for Brian Meredith's bills, that is not what the Magistrate Judge determined. Rather, the Magistrate Judge found "unpersuasive Plaintiff's assertion that Surgical Notes is not entitled to seek reimbursement of attorneys' fees for tasks that *may have also* benefitted co-defendant Brian Meredith." R&R at p. 34 (emphasis added). The fact that fees incurred also benefit another party to the case is no reason to disallow them. The question is not whether Brian Meredith was benefitted, but whether Surgical Notes was. As urged by the Surgical Notes Defendants, this is consistent with the rule that even work on unrelated claims may be recoverable if the work was "inseparable" from that on claims for which recovery is allowed. (Dkt. #216 at p. 6).

14

Plaintiff's argument regarding MCT's delay in producing its source code has previously been rejected by the Court. (Dkt. # 128 at p. 8 (noting that while a "diligent party attempts to compel discovery," "Plaintiff never sought the aid of the Court or filed a proper motion to compel")). The Court also finds without merit Plaintiff's argument that Defendants seek costs from an entirely different lawsuit. As urged by MCT, Plaintiff does not specify which discrete costs sought by Defendants were improper or attributable to a different lawsuit.[2] To the contrary, the Magistrate Judge considered the extensive evidence submitted by Defendants demonstrating the fees and costs were reasonable and necessary for use in this litigation.

The Court is of the opinion the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that The Surgical Notes Defendants' Proposed Bill of Costs and Brief in Support of an Award of Attorney Fees Pursuant to 17 U.S.C. § 505 (Dkt. #192) and Defendant MRI Centers of Texas, LLC's Proposed Bill of Costs and Brief in Support of Award of Attorney's Fees (Dkt. #208**)** are **GRANTED** as modified herein and summarized as follows:

- Plaintiff Virtual Chart Solutions I, Inc. is ordered to pay Surgical Notes, Inc.; Surgical Notes MDP, LP; Surgical Notes GP, LLC; and Surgical Notes RCM, LLC $138,506.00 as an award of their reasonable attorneys' fees ($80,574.50 for fees billed by Whitaker Chalk Swindle & Schwartz PLLC; $23,233.00 for fees billed by Siebman, Forrest, Burg, & Smith, LLP; and $34,698.50 for fees billed by Exall &

---

[2] According to the Surgical Notes Defendants, Plaintiff's only specific objection as to costs is the statement that "hundreds or thousands of dollars for copying" was awarded "without specifying what those copy charges were for." (Dkt. #215 at p. 6). However, the Surgical Notes Defendants point out the copying charges actually submitted amounted to "$227.20." (Dkt. #216 at p. 6).

Wood, PLLC), as well as $2,137.55 as an award of costs billed by Whitaker Chalk Swindle & Schwartz PLLC, for a total of **$140,643.55**.

- Plaintiff Virtual Chart Solutions I, Inc. is ordered to pay MRI Centers of Texas, LLC $224,789.50 as an award of its reasonable attorneys' fees billed by Stanton LLP, as well as $13,562.69 as an award of costs billed by Stanton LLP, for a total of **$238,352.19.**

It is further

**ORDERED** that Plaintiff's above-referenced cause of action is **DISMISSED WITH PREJUDICE.**

**SIGNED this 25th day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE